[No. 20285.  In Bank. — June 4, 1887.]

THE PEOPLE, RESPONDENT, *v.* JOSEPH KRAKER, APPELLANT.

CRIMINAL LAW — RECEIVING STOLEN GOODS — UNCORROBORATED TESTIMONY OF THIEF — ACCOMPLICE — INSTRUCTION. — In a prosecution for receiving stolen goods knowing them to have been stolen, an instruction that the jury might convict the defendant upon the uncorroborated testimony of the person by whom the goods were stolen, without leaving to them to determine whether the latter was in fact an accomplice, is erroneous.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Charles B. Darwin*, and *Crittenden Thornton*, for Appellant.

*Attorney-General Johnson*, for Respondent.

Paterson, J.—Defendant was convicted of the crime of receiving stolen goods knowing them to have been stolen.

At the trial, one H. G. Matthewson, who was charged in the information with the stealing of the goods, was a witness against the defendant,—evidently the principal witness.

At the conclusion of the testimony and argument, the defendant asked the court to instruct the jury substantially in the language of section 1111 of the Penal Code, which reads as follows:—

" A conviction cannot be had on the testimony of an accomplice, unless he is corroborated by other evidence, which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration is not sufficient, if it merely shows the commission of the offense, or the circumstances thereof."

The court refused to give the instruction asked, and in the charge to the jury referring to the claim of defendant's counsel that Matthewson was an accomplice, said: " I charge you in plain terms that if you believe the testimony of Horace G. Matthewson, and from that testimony you are satisfied to a moral certainty that the defendant did receive the property mentioned in the information from him, and that at the time of the receipt thereof by the defendant he knew and was informed that it was stolen property, and he so received it for his own gain, or to prevent the owner from again possessing it, then you are authorized to convict the defendant on the testimony of said Matthewson."

Subsequently, on motion for new trial, the learned judge had some doubt as to the correctness of his instruction, but deeming it best to have the question settled, denied the motion, giving the defendant the benefit of a certificate of good cause.

We think the instruction given by the court was erroneous.

The proposition has never been directly passed upon in this state, but in *People* v. *Levison*, 16 Cal. 98, the court, in commenting upon certain rulings, said:—

"It also leaves the inference that the *unsupported testimony of the thief* is sufficient to establish the defendant's guilt."

An accomplice includes all persons who have been concerned in the commission of an offense, and the grade of guilt of the witness is not important. (Abbott's Law Dict.; *Cross* v. *People*, 47 Ill. 152.)

In England, where there is no statutory provision against a conviction on the uncorroborated testimony of an accomplice, the judges always instruct the jury that the uncorroborated testimony of the *thief* in cases of this kind is not sufficient. (*Regina* v. *Robinson*, 4 Fost. & F. 43; *Regina* v. *Pratt*, 4 Fost. & F. 315.)

In that portion of the charge quoted above, the court took from the jury the question whether, as a matter of fact, Matthewson was an accomplice, considering, it seems, only the abstract proposition of law as to whether the mere fact that the witness was the thief made him an accomplice of the one who received the goods. But the question as to whether the witness was an accomplice in the commission of the offense is a question of fact for the jury. (*State* v. *Schlagel*, 19 Iowa, 169.)

In Texas, under a statute like section 1111, *supra*, the court held that if the witness was *an accomplice in any material fact*, the jury should have been instructed as to the value of his evidence without corroboration. (*State* v. *Miller*, 4 Tex. App. 251.) And in Massachusetts it is

held that "the court should instruct the jury as to what constitutes an accomplice, and leave it for them to determine whether the witness was in fact an accomplice." (*Commonwealth* v. *Elliott*, 110 Mass. 106; *Commonwealth* v. *Ford*, 111 Mass. 394.)

Judgment and order reversed, and cause remanded for new trial.

SEARLS, C. J., McKINSTRY, J., McFARLAND, J., TEMPLE, J., and SHARPSTEIN, J., concurred.

Rehearing denied.