[Crim. No. 66.    Department Two.—January 13, 1896.)

# THE PEOPLE, RESPONDENT, *v.* LOUIS STERNBERG, APPELLANT.

CRIMINAL LAW—PROCURING FALSE REGISTRATION — ACCOMPLICES—IN-STRUCTIONS FAVORABLE TO DEFENDANT.—A defendant accused of pro-curing the false registration of another person cannot complain of an instruction that the person registered and another were accomplices with him, when such declaration was asked by him in an instruction proposed by himself, and was a more favorable instruction than he was entitled to.

ID.—PERSON NOT AN ACCOMPLICE—INSTRUCTION.—It is proper to instruct the jury that a person named was not an accomplice with the defendant, where there is no evidence tending to prove that he was such.

ID.—REFUSAL OF INSTRUCTIONS ALREADY GIVEN.—It is not prejudicial to the defendant to refuse instructions proposed by him, when the sub-stance of them is fairly embraced and expressed in those given by the court.

ID.—ORAL ADMISSIONS—"DISTRUST"—"CAUTION"—ERRONEOUS INSTRUC-TION.—An instruction requested by the defendant, that it is the duty of the jury to view with "distrust" evidence of the oral admissions of the defendant, is properly refused as being at variance with subdivision 4 of section 2061 of the Code of Civil Procedure, which declares that such evidence is to be viewed with "caution."

ID.—EVIDENCE OF ACCOMPLICE—CAUTION AND DISTRUST—IMPROPER RE-FUSAL TO INSTRUCT.—A proposed instruction to the effect that the evidence of an accomplice is to be viewed with caution and distrust, is not vitiated by the use of the word "caution" in addition to the word "distrust" employed in subdivision 4 of section 2061 of the Code of Civil Procedure, and it is error to refuse such instruction when requested by the defendant, and warranted by the evidence of accomplices, and such error is manifestly prejudicial when the court instructed the jury to judge the testimony of accomplices, when corroborated, as they did the testimony of other witnesses.

ID.—CORROBORATIVE EVIDENCE—DEFINITION—INSTRUCTION REQUESTED IN LANGUAGE OF CODE—IMPROPER REFUSAL.—A requested instruction giving the definition of corroborative evidence, in the precise terms of section 1839 of the Code of Civil Procedure, cannot be properly refused, as being abstract; nor is error in refusing to give such instruction cured by instructing the jury as to the amount and kind of corroborative evi-dence required to convict, in the language of section 1111 of the Penal Code.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  WILLIAM T. WALLACE, Judge.

The facts are stated in the opinion of the court.

*Cross, Ford, Kelly, & Abbott,* for Appellant.

The instructions as to who were and who were not accomplices, erroneously charged the jury as to matters of fact. (*People* v. *Sansome,* 98 Cal. 235; *People* v. *Hertz,* 105 Cal. 665; Const., Art. VI, sec. 19.) The court erred in refusing to instruct the jury that the testimony of an accomplice was to be viewed with caution and distrust, and in instructing them that they were to judge of the testimony of accomplices, when corroborated, as they did the testimony of others. (Code Civ. Proc., sec. 2061, subd. 4; *People* v. *Bonney,* 98 Cal. 278.) The court erred in not giving the requested instruction as to what is corroborated evidence of an accomplice. (Code Civ. Proc., sec. 1839; Greenleaf on Evidence, sec. 381, note; *People* v. *McLean,* 84 Cal. 482.)

*W. F. Fitzgerald, Attorney General, and W. H. Anderson, Assistant Attorney General,* for Respondent.

Errors· in instructions not affecting the substantial rights of the defendant, must be disregarded. (Penal Code, sec. 1258; 2 Am. & Eng. Ency. of Law, 266; *People* v. *Fenwick,* 45 Cal. 287; *People* v. *Smith,* 59 Cal. 604; *People* v. *Stanton,* 106 Cal. 139.) Refusal to give the abstract definition of corroborative evidence is not ground for reversal. (*People* v. *Walsh,* 43 Cal. 447.) The evidence of the accomplices was sufficiently corroborated by the testimony of Gutman, who was not an accomplice. (*People* v. *Hong Tong,* 85 Cal. 173; *People* v. *Grundell,* 75 Cal. 301; *People* v. *Clough,* 73 Cal. 352; *People* v. *McLean,* 84 Cal. 482.)

HENSHAW, J.—This case, while possessing many features in common with the case of *People* v. *Sternberg,* Crim. No. 65, *ante,* p. 3, differs from it in certain essentials which demand consideration. Sternberg is here prosecuted for procuring the false registration of David Newman. Newman testified to the circumstances of his false registration at the solicitation of defendant. Lust bore like testimony, he having been present at the time

Sternberg induced Newman to commit the crime. Sternberg, when the three were together, asked them both to register from the Baldwin Hotel. They went to the registrar's office for that purpose, Sternberg accompanying them, and there did his bidding.

They recounted the later occurrences and conversation at the saloon, when twenty dollars was given them by defendant with which to get out of town, and in this they are corroborated by Gutman.

The court instructed the jury that Newman and Lust were accomplices with Sternberg. This declaration was asked by defendant in an instruction proposed by him, and was a more favorable instruction than he was entitled to. For the reasons given in *People* v. *Sternberg,* Crim. 65, *ante,* p. 3, the defendant cannot complain of it.

The court likewise instructed the jury that Gutman was not an accomplice. Not the slightest evidence in the case indicated that he was. This contention has also been passed upon in the other case.

Certain instructions proposed by defendant were refused by the court; but the substance of them was fairly embraced and expressed in those given, and no injury could have resulted to defendant.

The following instructions proposed by defendant were refused by the court: " 1. The jury is instructed that it is their duty to view with distrust evidence of the oral admissions of defendant; 2. The jury is instructed that the evidence of an accomplice is to be viewed by a jury with caution and distrust; 3. By corroborative evidence is meant additional evidence of a different character to the same point." The principles of law which these instructions undertake to express are all found in the code.

The first is at variance with the code provision which declares that evidence of the oral admissions of a party is to be viewed with caution. (Code Civ. Proc., sec. 2061, subd. 4.) The distinction between caution and distrust is broad enough to justify the court's refusal.

The second tells the jury that the evidence of an accomplice is to be viewed with caution and distrust. The code provision is that such evidence is to be viewed with distrust. (Code Civ. Proc., sec. 2061, subd. 4.) The proposed instruction is not vitiated by the use of the additional word. If the evidence is to be viewed with distrust, it is certainly to be received and viewed with caution, while the converse might not be equally true. To view with distrust, caution must or should be exercised; while to view with caution does not necessarily demand distrust.

The third instruction, refused as being abstract, follows with precision the code definition of corroborative evidence. (Code Civ. Proc., sec. 1839.) The language is necessarily in the abstract, since it defines a term of abstract meaning with the brevity and generalty necessary to legal phraseology. The maxims, rules, and definitions of law in this sense are all abstract, but are none the less proper to be given to a jury for this reason. Members of a jury might be in excusable ignorance of the legal definition of corroborative evidence and yet possess (or at least they should) intelligence enough to comprehend what was meant when they were told that it was additional evidence of a different character to the same point.

The second and third proposed instructions are correct in law. They were not covered by any that were given, and should have been declared, if applicable to the case.

That they were applicable no doubt can be entertained. The evidence of accomplices was before the jury. It was defendant's right that his triers should know that it was a duty imposed upon them by law to receive this evidence with distrust. The question of the support of such testimony by corroborative evidence was a vital one for their determination. They were instructed in the language of the code (Pen. Code, sec. 1111) that they could not convict unless there was corroborative evi-

dence.    Defendant was plainly within his right in asking that they be told what corroborative evidence is.

That the jury was instructed in the language of section 1111 of the Penal Code, that the evidence of an accomplice is not sufficient to convict unless he is corroborated by other evidence which, in itself, and without the aid of the testimony of the accomplice, tends to convict defendant with the commission of the crime, informed them of the amount and kind of corroborative evidence required, but they were still left without enlightenment as to what in law constitutes this character of evidence.

The direct injury worked by the refusal to give the second proposed instruction is shown from the following.    The court in its instructions said: " When you become satisfied that it is so corroborated, then you take up the testimony of the accomplices, and *judge it as you do the testimony of all others;* that is, remembering still who they are—remembering who each of the witnesses is—because you will not forget, of course, that they are accomplices—you will not forget that in weighing their testimony, even though you be satisfied that there is sufficient corroboration to enable you to look at it."

Had the court informed the jury that the evidence of accomplices must be viewed by them with distrust, the direction that they were to judge it as they did the testimony of all others, taken with what follows, could have been construed as a declaration that it was to be viewed as the testimony of all others subject to the lack of full credibility which attached to it, and subject to their duty of viewing it with distrust.    Not having been so instructed, the foregoing is tantamount to informing them that when they shall believe that the testimony of the accomplices has been corroborated, such testimony stands upon the same plane with that given by witnesses to whose statements full credibility attaches.

It is, therefore, not easy to see why the instructions were refused, and it is made more difficult by the fact

that they were given at defendant's request in the former case.

The judgment and order are reversed and the cause remanded for a new trial.

McFARLAND, J., and TEMPLE, J., concurred.