## PEOPLE v. LON YECK et al.

### Cr. No. 462; January 6, 1899.

#### 55 Pac. 984.

Witness—Credibility.—An Instruction That a Witness whose testimony is false in one part is to be distrusted in other parts is not erroneous.

Criminal Trial.—Where an Instruction was Given at the Request of one of the parties, he cannot, on appeal, object that it did not state a sound declaration of law.

Criminal Trial—Appeal.—The Verdict of a Jury in a criminal prosecution, convicting defendant, will not be disturbed on appeal where the evidence is squarely conflicting, especially where such evidence is of Chinese witnesses.

Criminal Law—Appeal.—Rulings of the Trial Court upon the Admission of evidence will not be reviewed where no exceptions thereto are found in the record.

APPEAL from Superior Court, City and County of San Francisco.

Lon Yeck, Lee Keong and Yee Sang were convicted of robbery, and appeal. Affirmed.

Robert Ferral for appellants; Attorney General Fitzgerald for the people.

GAROUTTE, J.—The defendants have been convicted of robbery, and appeal from the judgment and order denying their motion for a new trial. The points relied upon for reversal of the judgment are few, and of little importance.

Complaint is made that the following instruction was erroneously given: "A witness whose testimony is false in one part is to be distrusted in other parts." This enunciation of the law is framed substantially in the language of the statute, and has been directly approved in People v. Treadwell, 69 Cal. 226, 10 Pac. 502, and People v. Ah Sing, 95 Cal. 656, 30 Pac. 796. However, in giving instructions to the jury bearing upon this particular question of law, courts would do well to heed the suggestions given out in the recent case of People v. Plyler, 121 Cal. 160, 53 Pac. 553. It may be further suggested that the instruction of which complaint is now made was given at the request of the defendants, and it is not for them to now insist in this court that it does not contain a sound declaration of law.

It is also claimed that the verdict lacked support in the evidence. To this contention it may be said that the evidence is squarely conflicting. All the direct evidence comes from the mouths of Chinese witnesses, and, as usual in cases where such is the fact and where the litigation involves their interests alone, the evidence is flatly contradictory. In such a case, especially, the verdict of the jury will not be disturbed by this court.

Complaint is made as to the misconduct of the district attorney. We see nothing in the contention of sufficient merit to demand a new trial. Various rulings made by the trial court upon the admission of evidence are claimed to be erroneous; but we find no exception to them in the record, and refrain from giving them any consideration. There is no merit in this appeal. Judgment and order affirmed.