[Crim. No. 411.  Second Appellate District.—September 28, 1915.]

THE PEOPLE, Respondent, v. DANIEL SOUTHWELL, Appellant.

CRIMINAL LAW—BRIBERY—IMMUNITY OF PROSTITUTES FROM ARREST—ACCOMPLICES—PREJUDICIAL INSTRUCTION TO JURY.—In the prosecution of a city marshal for receiving a bribe upon the understanding and agreement that he would not arrest certain women of ill repute who were residing in and "plying their trade" in the city, the women who testified as to contributing the money are accomplices, as well as the witness who testified to the collection of the money from them and its payment to the defendant, and it is prejudicial error to refuse to so instruct the jury, at the request of the defendant, where the corroborative testimony is not of a particularly strong character.

ID.—EVIDENCE—COLLECTION OF MONEY AS FINES—AUTHORITY OF BOARD OF TRUSTEES—EXCLUSION OF PROOF ERRONEOUS.—In such a prosecution it is error to refuse to permit the defendant to supplement his testimony, that all of the money that he had collected from such women was in satisfaction of fines imposed and had been paid by him into the city treasury, with the statement that such action was at the instance and by the direction of the trustees of the city.

ID.—INNOCENCE OF DEFENDANT—EVIDENCE—MODIFICATION OF REQUESTED INSTRUCTION—PREJUDICIAL ERROR.—In such a prosecution, where the state had been allowed to introduce testimony to show the giving of money at various times to the defendant by persons of ill repute for the purpose of securing immunity from arrest, it is prejudicial error to modify an instruction requested by the defendant that "the law presumes the defendant to be innocent of the commission of any crime and this presumption continues in his favor throughout the trial of the case," by making it read as follows: "The law presumes the defendant to be innocent of the commission of *the* crime charged in the *indictment* and this presumption continues in his favor throughout the trial of the case."

APPEAL from a judgment of the Superior Court of Imperial County and from an order denying a new trial. George E. Church, Judge presiding.

The facts are stated in the opinion of the court.

Conkling & Brown, Earl Rogers, and M. M. Cohen, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent.

JAMES, J.—Appellant after conviction before a jury was sentenced to serve a term of imprisonment in the state penitentiary. He appeals from the judgment and from an order denying his motion for a new trial.

The indictment under which appellant was tried charged that, while acting as marshal of the city of Imperial, he received from one Coulter twenty dollars as a bribe upon the understanding and agreement that he would not arrest certain women of ill repute who were residing in and "plying their trade" in the city of Imperial and in the house of one Mrs. Martin. It was charged that the money was paid with the understanding that the agreement mentioned should be in force for a period of one month. The crime was alleged to have been committed on or about the fifth day of June, 1914. The man Coulter, being called as a witness, testified that he had an understanding with appellant that, in consideration of the payment of certain money by the inmates of houses of prostitution, appellant would refrain from arresting such persons of ill fame; that he (Coulter) agreed to make the collections of the money with the further understanding that he would be allowed by appellant to operate a "blind pig," or, in other words, to sell intoxicating liquor in violation of law. He then testified that on or about the fifth day of June, that being the time charged in the indictment, he collected twenty dollars from Mrs. Martin, who was a keeper of a house of prostitution, ten dollars being paid on behalf of the said Mrs. Martin and five dollars each on behalf of two other inmates of her house; that this money he paid over to appellant pursuant to the understanding hereinbefore set out. In support of this charge, as to the specific date mentioned, Mrs. Willie Martin testified in corroboration of Coulter, as did also Rena McMonagle, who was an inmate of the house at the time the money was alleged to have been paid. The prosecution was allowed then to introduce the testimony of several witnesses to the effect that on various occasions, going back to a time early in the year 1912, money had been paid by inmates of houses of prostitution to appellant in consideration that the persons paying the money should enjoy immunity from arrest. Defendant, on his own behalf, denied *in toto* the testimony of Coulter and the other witnesses who had testified as to payment of the money for the illegal purpose, and declared that

in his capacity as city marshal he, acting under instructions from the city board of trustees, had collected fines imposed in the recorder's court from some of the women. He said that he had not received any money from Coulter; that he did collect fifty dollars from Mrs. Willie Martin, fixing the date of that collection as of December 10, 1913; that this money was collected in satisfaction of a fine theretofore imposed against the Martin woman. He further testified that all of the money that he so collected he had accounted for and paid over to the city treasurer. On his behalf, the offer was made then to show a resolution adopted by the city board of trustees on the eleventh day of September, 1912, which resolution was as follows: "A motion was made, seconded and carried that all fines collected in the recorder's court be paid to the city marshal; that the city clerk have access to the marshal's books at all times." The court refused to allow this resolution to be introduced in evidence. Many other errors are assigned as having been committed to the prejudice of defendant in his right to a fair and impartial trial. The chief of these alleged errors concerns the failure of the court to give certain instructions offered by the appellant, and the act of the court in modifying particularly one of the instructions offered by the appellant. It is also claimed that the testimony upon which appellant was convicted was derived wholly from the declarations of accomplices, and that there was not sufficient corroboration of these witnesses as is required by section 1111 of the Penal Code. As the record is presented, no question can be made but that all of the witnesses who testified to the payment of bribe money to appellant were accomplices. It became the court's duty to charge the jury, not only that the testimony of an accomplice should be corroborated, which instruction the court did give, but also, in view of the undisputed state of the testimony, to instruct plainly that the persons who gave the most damaging testimony against appellant came within the rule of section 1111 of the Penal Code, and were accomplices to the crime charged to have been committed or in the separate offenses attempted to be shown in corroboration of the main accusation. (*People* v. *Coffey*, 161 Cal. 433, [39 L. R. A. (N. S.) 704, 119 Pac. 901].) The witness Mrs. Martin, and Rena McMonagle, as well as witness Coulter, were all accomplices. The court, at the request of

defendant, advised the jury that Coulter was an accomplice, but refused instructions advising the jury that the Martin and McMonagle women were such accomplices. This was undoubtedly error and of a prejudicial kind. That this error seriously interfered with the right of the defendant to a full and fair hearing is made apparent when it is considered that the corroborative testimony offered in the case was not of a particularly strong character. This corroboration consisted in the main of testimony of certain special officers who worked under the marshal's direction; the inference to be drawn from their statements being that the marshal did not desire them to be energetic in the prosecution of persons of ill fame, and that he had in one instance directed one of these officers, that if he observed "anything that needed raiding," to first report to him, that is, the marshal. Other circumstances of a corroborative nature were slight. Under this state of the case, and assuming that the corroborative evidence, admittedly slight, was sufficient to support the conviction, it was very material to the defendant to have the law as to the testimony of accomplices explicitly stated to the jury. It was not for the jury to decide whether each or any of the witnesses were accomplices, but under the testimony, it was the duty of the court to give the requested instructions advising the jury that Mrs. Willie Martin and Rena McMonagle were both accomplices as to the crime charged against the appellant. Under the state of the record as we have described it, there should have been left to the jury no discretion of judgment to determine as to whether these witnesses were accomplices; the testimony showed as a fact that they were. For aught that appears, the jury may not have applied the rule of section 1111 of the Penal Code, to the testimony of these witnesses, but may have given full credit and weight to their testimony and left out of account altogether the requirement that such testimony, before it was sufficient to warrant a conviction, should be corroborated by other and independent evidence. For this error alone, we think that the appellant is entitled to a new trial.

We think also that appellant should have been permitted to show that, in the collection of fine money, he was acting in good faith and under the instructions of the board of trustees. To be sure, he was allowed to testify in his own behalf that all of the money he collected from the various

persons mentioned in the evidence was turned over to the city treasurer, but this testimony would have been strengthened in the eyes of the jury had he been allowed to show that his action, which ordinarily would have been somewhat unusual and out of the customary order of things, was taken at the instance and by the direction of the trustees of the city.

Defendant offered an instruction which declared: "The law presumes the defendant to be innocent of the commission of any crime and this presumption continues in his favor throughout the trial of the case, . . . " The court modified this instruction and made it read as follows: "The law presumes the defendant to be innocent of the commission of *the* crime charged in the *indictment* and this presumption continues in his favor throughout the trial of the case, . . . " The instruction, as given by the court, was no doubt correct as a matter of law. It will be remembered that the prosecution had been allowed to introduce testimony to show the giving of money at various times to the appellant by persons of ill fame for the purpose of securing immunity from arrest, and it was undoubtedly appellant's purpose to have the jury advised that the presumption of innocence applied to any of these alleged offenses so proved or attempted to be proved, and in this effort he was justified; for not only was it true, as the court advised the jury, that the defendant was presumed to be innocent of the commission of the crime charged in the indictment, but he was also presumed to be innocent of any of the other alleged crimes attempted to be shown as corroborative proof. The error committed by the modification of this instruction we think was also of a prejudicial character.

It will not be of profit to enumerate further of the contentions of appellant on his appeal, as it is evident a new trial must be had because of the principal errors which have been discussed.

The judgment and order are reversed.

Conrey, P. J., and Shaw, J., concurred.