[Crim. No. 1117. Second Appellate District, Division One.—October 16, 1924.]

## THE PEOPLE, Respondent, v. E. D. HOWELL, Appellant.

[1] CRIMINAL LAW — ACCOMPLICE DEFINED — DETERMINATION OF QUESTION.—By section 1111 of the Penal Code an accomplice is defined as "one who is liable to prosecution for the identical offense charged against the defendant on trial in the cause in which the testimony of the accomplice is given"; and the determination of the question of his being in law an accomplice with one who is charged with crime must depend upon whether or not he may be properly "liable to prosecution," otherwise every innocent person might be an accomplice of every other person who committed a criminal offense.

[2] ID.—ROBBERY—STATUS OF COMPANION—CONFLICTING EVIDENCE—PROVINCE OF JURY.—In this prosecution for the crime of robbery, the direct evidence having been to the effect that one of the companions of defendant was merely an innocent participant in the perpetration of the crime, whereas the cross-examination of said witness tended to show to the contrary, it was proper for the court to leave to the jury the determination of the question whether or not the witness was an accomplice; but, if the evidence had been absolutely clear and undisputed with reference to the question, it would have been the duty of the court, without the assistance of the jury, to determine it.

[3] ID.—INSTRUCTIONS—VERDICT—IMPLIED FINDING—CORROBORATION.—In such prosecution, the trial court having fully instructed the jury upon the subject of accomplices and upon the necessity for corroboration of the testimony of one of the companions of defendant, if they found said companion to have been an accomplice, and the evidence as to whether said companion was an accomplice or a guest of defendant having been conflicting, the verdict of conviction, in effect, constituted a finding that said companion did not willfully and with criminal intent either aid, abet or assist in the commission of the crime with which defendant was charged, and was conclusive upon the question, and the testimony of said companion needed no corroboration to support the defendant's conviction.

[4] ID.—STATUS OF COMPANIONS—EVIDENCE—INSTRUCTIONS.—In such prosecution, although the evidence showed unquestionably that

1. Who are accomplices, note, 138 **Am. St. Rep.** 272. See, also, 1 R. C. L. 157; 8 Cal. Jur. 278.
2. See 1 R C. L. 162–166; 8 Cal. Jur. 303, 350.
4. See 8 Cal. Jur. 349.

one of defendant's companions was an accomplice, the evidence as to whether the other companion was such having been conflicting, the trial court properly instructed the jury "that an accomplice is one who, knowing that a crime is being committed, willfully and with criminal intent intentionally aids, abets and assists another in the commission of such crime or criminal act, and whether or not one is an accomplice as defined in these instructions, is for the jury to determine from all the testimony and circumstances in proof in the case"; and such instruction did not conflict with the further instruction defining an accomplice as "one who is liable to prosecution for the identical offense charged against the defendant," etc.

[5] ID.—ACCOMPLICES—CRIMINAL INTENT—KNOWLEDGE—INSTRUCTIONS. In such a prosection, in defining an accomplice, it is not error to give an instruction dealing with the necessity of criminal intent in the mind of one assisting in the commission of a crime, or with the lack of knowledge on the part of such person either that a crime was being committed or of the criminal intent of such act.

---

(1) 16 C. J., p. 671, sec. 1344.   (2) 16 C. J., pp. 677, 678, sec. 1370.   (3) 16 C. J., p. 674, sec. 1357, p. 700, sec. 1426; 17 C. J., p. 271, sec. 3597.   (4) 16 C. J., p. 928, sec. 2288, p. 1000, sec. 2414, p. 1038, sec. 2478.   (5) 16 C. J., p. 672, sec. 2349, p. 1000, sec. 2414.

APPEAL from a judgment of the Superior Court of Los Angeles County. Chas. S. Crail, Judge. Affirmed.

The facts are stated in the opinion of the court.

Lamy & Smith for Appellant.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, and John L. Flynn for Respondent.

HOUSER, J.—Defendant appeals from a judgment of conviction of the crime of robbery, and from an order denying his motion for a new trial.

The evidence tends to show that defendant, in company with two other men, committed the offense. The principal question discussed in the briefs is the legality of defendant's conviction based upon the assumed uncorroborated testimony of one Fusilier, who, it is urged, was an accomplice of defendant, and who was one of the two men who accompanied defendant at the time of the robbery. On his direct examina-

tion Fusilier testified in effect that, although present at the time the crime was perpetrated, he was but a guest of the guilty men, and at no time had any knowledge of their intention to commit the offense; in which testimony he was fully corroborated by one of the men whom he had accompanied on the occasion in question. On the cross-examination of Fusilier certain facts were elicited from which it might have been inferred that with criminal intent he had participated in the commission of the offense.

[1] Appellant's first point is that a defendant cannot be convicted upon the uncorroborated testimony of one or more accomplices, and that the evidence against defendant was such that if Fusilier was an accomplice of the other two men concerned in the robbery, the conviction of defendant cannot stand. By section 1111 of the Penal Code an accomplice is defined as "one who is liable to prosecution for the identical offense charged against the defendant on trial in the cause in which the testimony of the accomplice is given." It is urged that because there was "probable cause" arising from the presence of Fusilier at the scene of the commission of the crime, together with certain additional circumstances occurring before, at the time, and after, the crime was committed, Fusilier was "liable to prosecution," and consequently, even though innocent of any criminal intent, was an "accomplice" within the meaning of the statute. It frequently happens that where a crime has been committed, suspicious circumstances attach to many different and entirely unconnected individuals. Assuming such circumstances to be sufficiently strong, there might be a half dozen or more of such persons arrested and each of them separately charged with the commission of the crime. From a strict and liberal interpretation of the statute it is possible that each of them would be "liable to prosecution for the identical offense" charged against each of the others. Any person, however innocent, is "liable to prosecution" in the broad sense of the phrase. The determination of the question of his being in law an accomplice with one who is charged with crime must depend upon whether or not he may be properly "liable to prosecution"; otherwise, every innocent person might be an "accomplice" of every other person who committed a criminal offense.

69 Cal. App.—16

[2] In the instant case the direct evidence was to the effect that Fusilier was an innocent participant in the perpetration of the crime. The cross-examination tended to show to the contrary. Had the evidence been absolutely clear and undisputed with reference to the question of whether Fusilier was an accomplice, it would have been the duty of the court, without the assistance of the jury, to determine it; but in the circumstances it was proper for the court to submit the matter to the jury for its determination. (16 Cor. Jur. 677, citing California cases.)

In the case of *People* v. *Coffey*, 161 Cal. 433 [39 L. R. A. (N. S.) 704, 119 Pac. 500], it is said: "When the question of an accomplice arises in the trial of a case, the general and accepted rule is for the court to instruct the jury touching the law of accomplices, and leave the question whether or not the witness be an accomplice for the decision of the jury as a matter of fact (*People* v. *Kraker*, 72 Cal. 459 [1 Am. St. Rep. 65, 14 Pac. 196])." See, also, *People* v. *Lawlor*, 21 Cal. App. 69 [131 Pac. 63].

An examination of the instructions given by the court to the jury shows that section 1111 of the Penal Code was first quoted *verbatim*, following which the jury was further told that an accomplice was "one who knowing that a crime is being committed, willfully and with criminal intent intentionally aids, abets and assists another in the commission of such crime or criminal act"; and the jury was then instructed that whether or not one was an accomplice was a question of fact to be determined by the jury "from all the testimony and circumstances in proof in the case." Also, "that the proposition as to whether any witness in this case is an accomplice, as previously defined herein, is a question of fact and one to be determined by the jury as any other fact in the case under the instructions herein given." The jury was further instructed that if it found from the evidence that the only testimony in the case connecting defendant with the offense charged was that of an accomplice or accomplices, the defendant could not be convicted upon such testimony unless the same were corroborated by other evidence that tended to connect the defendant with the commission of said offense, and even then, that such corroboration would be insufficient if it merely showed the commission of the offense or the circumstances thereof.

[3] Under the instructions of the court as heretofore outlined, the jury found in effect that Fusilier did not willfully and with criminal intent either aid, abet, or assist in the commission of the crime with which defendant was charged, and consequently that Fusilier was not an accomplice. Again turning to the leading case of *People* v. *Coffey,* 161 Cal. 433 [39 L. R. A. (N. S.) 704, 119 Pac. 500], we find the statement: ''Whenever the facts themselves are in dispute, that is to say, whenever the question is whether the witness did or did not do certain things, which, admittedly, if he did do them, make him an accomplice, the jury's finding, upon familiar principles, is not disturbed.'' If the jury believed Fusilier's statements to the effect that he was merely a guest of his two companions, and that he knew nothing of their intention to commit a crime, the evidence given by Fusilier stood in the same relation to the case as would that of any other witness who was wholly disconnected with the commission of the offense. The jury had the right and the authority either to believe or to disbelieve his statements, and having been fully instructed as to the law governing the situation, the presumption must be that it performed its duty conscientiously in rendering the verdict which in substance declared its belief in the truthfulness of Fusilier's testimony. It would follow that the finding by the jury to the effect that Fusilier was not an accomplice is conclusive upon this point, and therefore that Fusilier's testimony needed no corroboration to support defendant's conviction.

Appellant makes the further point that where the undisputed evidence shows that all the witnesses tending to connect defendant with the offense charged are accomplices and their evidence is not corroborated as required by section 1111 of the Penal Code, it becomes the duty of the trial court (1) to advise the jury to acquit the defendant; (2) if the defendant be convicted, to grant him a new trial; or, in the event neither of the foregoing courses be pursued, for this court to reverse the judgment for insufficiency of the evidence. In view of the established fact (by virtue of the verdict of the jury), that the witness to whom reference has been had was not an accomplice, it becomes unnecessary to

devote attention to appellant's further point in connection therewith.

[4] Complaint is made that the trial court erred in instructing the jury that: "The court instructs the jury that an accomplice is one who, knowing that a crime is being committed, willfully and with criminal intent intentionally aids, abets and assists another in the commission of such crime or criminal act, and whether or not one is an accomplice as defined in these instructions, is for the jury to determine from all the testimony and circumstances in proof in the case."

A man by the name of Stevens, who also was one of defendant's companions on the occasion which was the subject of the inquiry, was a witness on the trial. The evidence shows unquestionably that Stevens was an accomplice of defendant; there was no suggestion of anything to the contrary. Instructions of the court to which reference has been had were to the effect that defendant could not be convicted on the testimony of an accomplice unless such evidence were corroborated. The criticised instruction is merely a definition of the term "corroboration," and is supplementary to the other instructions given on the subject of accomplices. Stevens being an admitted accomplice, the only questions in connection therewith for the jury to consider were, first, whether or not Fusilier was also an accomplice; secondly, if Fusilier was not an accomplice, whether or not his testimony was corroborative of that given by Stevens. It thus appears that there was no error in the instruction.

It is also contended by appellant that the instruction conflicts with another instruction given to the jury. The objection appears to be based upon the fact that by the one instruction an accomplice was defined as "one who is liable to prosecution for the identical offense charged against the defendant," etc., and by the instruction here under consideration an accomplice is defined as "one who, knowing that a crime is being committed, willfully and with criminal intent intentionally aids, abets and assists another in the commission of such crime or criminal act." The two instructions are not in conflict, but, to the contrary, are in harmony one with the other. The first instruction tells the jury that an accomplice is one who in given circumstances "is liable to prosecution," and the second instruction is an aider of the

first in making it plain that those persons are accomplices who, knowing that a crime is being committed, willfully and with criminal intent aid in its commission. Otherwise, as heretofore indicated, any person, without reference to his intent, who in any manner assisted in the commission of a criminal act would be an accomplice and "liable to prosecution."

[5] Two other instructions given to the jury at the request of the people are also criticised by appellant. Each of them relates to the further definition of an accomplice. One of them deals with the necessity of criminal intent in the mind of one assisting in the commission of a crime, and the other has to do with lack of knowledge on the part of such person either that a crime was being committed or of the criminal intent of such act.

It is manifest that, in the absence of criminal intent, either in fact or in law, no one could be guilty of the commission of a criminal act. The two instructions, besides being supplementary to the main instruction to which reference has been had, are in explanation of the general statute which requires that there be a union, or joint operation of act and intent (or criminal negligence), in the commission of every public offense. (Pen. Code, sec. 20.)

No prejudicial error appearing in the record, it is ordered that the judgment and the order denying the motion for a new trial be, and the same are, affirmed.

Conrey, P. J., and Curtis, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 15, 1924.

All the Justices concurred.