[Crim. No. 283.   Fourth Appellate District.—March 18, 1935.]

THE PEOPLE, Respondent, v. THOMAS J. BONNER
et al., Appellants.

Edgar G. Langford for Appellants.

U. S. Webb, Attorney-General, and Eugene M. Elson, Deputy Attorney-General, for Respondent.

JENNINGS, J.—The defendants appeal from a judgment rendered in conformity with the verdict of a jury whereby they were found guilty of certain specified criminal offenses and from the trial court's order denying their motion for a new trial. Reversal of the judgment is here sought on two grounds: First, that the verdict is lacking in evidentiary support, and, second, that the trial court erred in refusing to give a certain instruction requested by defendants and in giving a specified instruction.

In support of their contention of evidentiary insufficiency it is urged that the complaining witness was clearly an accomplice of the defendants in the commission of the offenses and that the testimony of this witness was not sufficiently corroborated.

For the purposes of this opinion it may be assumed that the complaining witness was an accomplice. Examination of the record produces a conviction that such an assumption is not unduly violent. Indulgence in the assumption leaves to be determined the question of whether or not it may fairly be declared that the testimony of the witness was sufficiently corroborated by other evidence produced during the trial.

The evidence upon which respondent relies as affording sufficient corroboration is wholly circumstantial. It may be epitomized briefly as follows: First, the discovery of certain articles of clothing at the place where the complaining witness testified he had dropped them on the evening the offenses were committed and very shortly thereafter; second, the result of a chemical analysis of certain substances found on the abandoned clothing which tended to substantiate the testimony of the complaining witness regarding an incident which took place immediately after the commission of the offenses; third, the physical condition and appearance of the complaining witness approximately nine hours after the commission of the offenses as narrated by the complaining witness; fourth, the discovery on the day following the com-

mission of the offenses of certain marks on the ground at the place where the complaining witness testified the offenses were committed; fifth, the circumstance that appellants were permitted unattended to leave the room where they were being questioned regarding the offenses; sixth, the discovery, a few minutes after appellants had returned to the room where they were being examined, that the above-mentioned marks on the ground had been obliterated; seventh, the silence of appellants in the face of accusatory statements made in their presence.

▮ No useful purpose will here be served by a statement of the legal principles relating to the character of evidence which will measure up to the statutory requirement that the testimony of an accomplice be corroborated. It is settled that such evidence need not be sufficient of itself to support a conviction, that it may be slight and standing alone entitled to little consideration. Such evidence must, however, tend to connect an accused with the commission of the offense with which he is charged. (*People* v. *Kempley,* 205 Cal. 441, 456 [271 Pac. 478] ; *People* v. *Davis,* 210 Cal. 540, 549 [293 Pac. 32].)

It is obvious that a reviewing court in giving consideration to a contention of the character which is here advanced must of necessity place itself in the position of a trier of facts. The task involves purely the fact trier's familiar prerogative of weighing the evidence.

Bearing in mind the above-mentioned legal principles which are applicable to the situation we have no hesitancy in declaring that the evidence to which reference has above been made was sufficient to fulfill the requirement of section 1111 of the Penal Code. Possibly no isolated circumstance of those relied upon by respondent would be sufficient to comply with the statutory requirement. Taken together it is our opinion that they are sufficient. We cannot refrain from mentioning particularly the significant silence of appellants in the face of statements directly accusing them of having committed offenses that were at least bestial and which were accompanied by voluntary brutality. (*People* v. *Jensen,* 76 Cal. App. 558, 562 [244 Pac. 1086].)

▮ Appellants contend that the trial court's refusal to give a certain instruction offered by them and the giving of certain other instructions constitutes reversible error un-

der the circumstances. The instruction which was offered and refused was as follows: "The jury is instructed that the witness, James David Brown, is an accomplice." The witness, James David Brown, was the complainant in the action. It is urged that the evidence conclusively established that he was an accomplice in the commission of the offenses of which appellants were accused and that therefore it was the trial court's duty to have given the instruction.

Appellants do not specify any particular instructions which were given by the trial court of which they complain but make the general contention that it was error for the trial court to instruct the jury "that it was for them to determine whether or not the witness, James David Brown, was an accomplice". The contention of appellants with respect to the refusal and giving of instructions may therefore be stated generally as a complaint that, since the evidence established the character of the complainant as an accomplice, the trial court erred in advising the jury that the duty devolved upon that body to determine from the evidence whether or not he was an accomplice but on the contrary the court should have told the jury, as appellants requested, that the complainant was an accomplice.

Since we have heretofore indicated that, for the purposes of this opinion, we should assume that the complaining witness was an accomplice it is necessary to give consideration to the last-mentioned contention of appellants having in mind the presence of this assumption. Indulgence in the assumption necessarily produces the conviction that the court erred in refusing to instruct the jury that the witness was an accomplice and in leaving to that body for determination the question of whether or not the witness was an accomplice as this term is defined in section 1111 of the Penal Code. It does not, however, follow therefrom that the judgment must be reversed because of the error which we here assume the trial court committed.

An exactly similar situation was presented in the case of *People* v. *McDermott*, 75 Cal. App. 718 [243 Pac. 485], in which, at page 720 [75 Cal. App.] of the opinion, it is said: "The jury should have been instructed that Sova must be regarded as an accomplice. That question should not have been left to it to determine. However, it must be presumed that the jurors observed and applied the instructions given them.

In other instructions the definition of an accomplice was correctly stated, as also was the rule that the defendant may not be convicted on the uncorroborated testimony of an accomplice, and that the corroborating evidence is not sufficient if it merely shows the commission of the crime and the circumstances thereof; and further, that such corroborating evidence must tend to connect the defendant with the commission of the crime. Hence, it is inconceivable that the erroneous instruction given in any way prejudiced any right of the appellant.'' The above-quoted language was expressly approved by the Supreme Court in the case of *People* v. *Ferlin*, 203 Cal. 587, 601 [265 Pac. 230], where it was declared that the trial court's error ''cannot be said to have prejudicially affected the defendant''.

We have examined the various instructions given by the trial court in the instant case and have found that in several of them the jury was given the correct definition of an accomplice and was informed that the testimony of an accomplice must be corroborated by evidence which should tend to show, not merely that the offenses charged in the information had been committed, but also the connection of appellants therewith. We encounter no difficulty therefore in declaring that even though it be assumed, as we have here done, that the complaining witness was an accomplice and the trial court erred in refusing to instruct the jury that the witness was an accomplice, nevertheless the error cannot be said to have so prejudicially affected appellants as to necessitate a reversal of the judgment. We are entitled to indulge in the further assumption that the jury followed and properly applied the instructions which were given. Finally, an examination of the entire record herein entirely fails to produce the conviction that the trial court's error in misdirecting the jury has resulted in a miscarriage of justice. (Art. VI, sec. 4½, Constitution of California.)

For the reasons stated the judgment and order from which this appeal has been taken are affirmed.

Barnard, P. J., and Marks, J., concurred.