[Crim. No. 429.   Fourth Appellate District.—March 25, 1938.]

THE PEOPLE, Respondent, v. JACK BROWN, Appellant.

514

Edgar G. Langford for Appellant.

U. S. Webb, Attorney-General, and Warner I. Praul, Deputy Attorney-General, for Respondent.

BARNARD, P. J.—The defendant was prosecuted on an information containing four counts. In count I he was charged with a violation of section 288a of the Penal Code in connection with a named individual. In count II he was charged with a violation of the Juvenile Court Law in having contributed to the delinquency of this individual, who was alleged to have been a minor. In count III he was charged with a violation of section 288a on another occasion in connection with another minor, and in count IV he was charged with another violation of the Juvenile Court Law with respect to that person. Having been convicted by a

jury on all four counts a judgment was entered covering the two counts of sex perversion and a separate judgment on the contributing charges. He has appealed from both judgments and from orders denying motions for a new trial.

We will consider first the appeal from the judgment covering counts I and III of the information. ■ The first assignment of error which need be considered is that the trial court committed prejudicial error in refusing to instruct the jury that the two minors involved in these charges, who appeared as witnesses against the appellant, were accomplices. The respondent argues that it does not necessarily appear that these witnesses were accomplices and that whether or not they were was a question of fact which was properly left to the jury. The one concerned in the charge set forth in count I of the information, in testifying as to what occurred at the time in question, said that he made objection and pushed the appellant away. It is argued that this shows that he did not voluntarily participate in the affair and, therefore, was not an accomplice. It fully appears from this witness' own testimony that the appellant used no force and that the witness made no objection until after the crime had in fact been completed. The respondent argues that the witness connected with the charge involved in the third count was not an accomplice since he was drunk at the time. Not only is the question of specific intent not a necessary element in this offense (*People* v. *Avanzi, ante,* p. 301 [77 Pac. (2d) 237]), but it affirmatively appears from the testimony of this witness that he knew and fully understood what was going on at the time in question and for at least two hours thereafter. The acts and conduct of these witnesses were admitted, the facts were not in dispute, and the question whether or not those acts and facts made the witness an accomplice was in each of these cases a question of law for the court. It affirmatively appears from the testimony of these witnesses that each of them was an accomplice and the requested instruction should have been given. (*People* v. *Robbins,* 171 Cal. 466 [154 Pac. 317]; *People* v. *Swoape,* 75 Cal. App. 404 [242 Pac. 1067].)

■ It is next urged that the court committed prejudicial error in admitting in evidence testimony tending to show the commission by the defendant, and others, of many acts of misconduct not connected with the offenses charged in

this information and having no bearing on any issue involved in the trial of those charges. A great deal of evidence was received to the effect that the appellant was running a place, ostensibly a turkish bath, which had for some time been resorted to by many individuals and used by them as a place for violating section 288a of the Penal Code, and that the appellant had knowledge of the use to which his premises had been put. No attempt was made to connect these occurrences with the matters here involved except to show the nature of the place run by the appellant. This evidence, received over the objection of the appellant, was largely stressed by the district attorney in his argument to the jury.

In our opinion this evidence was inadmissible in so far as the charges contained in counts I and III are concerned, and the effect thereof could not have been other than prejudicial. (*People* v. *Anthony,* 185 Cal. 152 [196 Pac. 47] ; *People* v. *Asavis,* 22 Cal. App. (2d) 492 [71 Pac. (2d) 307].) The general rule that evidence of other crimes is incompetent has been relaxed in a few cases involving a specific intent. But the only question with respect to these charges was whether certain acts had been performed and no question of the intent with which such acts had been performed was involved. The fact that the appellant was running a place of the character described indicates that he should have been prosecuted on other charges, but neither proves nor tends to prove that he committed these particular acts. Regardless of what other crimes he may have committed he was entitled to a trial on these charges under the established rules of evidence.

With respect to the two counts charging violations of the Juvenile Court Law a different situation appears. In both of those counts the charges were so stated as to include the encouraging or permitting of a minor to be or remain in or around a place of the nature of that shown by the testimony to have been run by the appellant. As to these counts the evidence which has been referred to was admissible for the purpose of showing the sort of place in which the appellant encouraged these minors to remain, although this evidence should have been received for this purpose only and so limited by the court. Of course, as to these contributing charges these minors were not accomplices.

The judgment covering the two violations of the Juvenile Court Law is affirmed. The judgment on the other two counts is reversed and that part of the cause remanded for a new trial.

Marks, J., and Jennings, J., concurred.