For the foregoing reasons the judgment is affirmed.

Adams, P. J., and Thompson, J., concurred.

A petition for a rehearing was denied May 27, 1946, and appellants' petition for a hearing by the Supreme Court was denied June 27, 1946. Carter, J., did not participate.

[Crim. No. 2383. First Dist., Div. Two. Apr. 30, 1946.]

THE PEOPLE, Respondent, v. GEORGE J. DOBKIN, Appellant.

270

Alfred J. Hennessy for Appellant.

Robert W. Kenny, Attorney General, David K. Lener, Deputy Attorney General, Edmund G. Brown, District Attorney, and Andrew Bodisco, Assistant District Attorney, for Respondent.

GOODELL, J.—The appellant was convicted by a jury of a violation of section 286, Penal Code and of section 702 of the Welfare and Institutions Code and sentenced to the peni-

tentiary in the 286 case and to the county jail for one year in the 702 case, the sentences running concurrently. His motion for a new trial was denied.

The appellant contends: 1st, that the corpus delicti was not proved; 2d, that he was convicted solely on the uncorroborated testimony of an accomplice; 3d, that the signed statement of the appellant, relied on as corroboration, was not freely and voluntarily given; 4th, that a material witness for the defense was prevented by intimidation from testifying; 5th, that the assistant district attorney was guilty of misconduct; 6th, that there were procedural errors; 7th, that one of the arresting officers mingled with the jurors during recess; 8th, that the court erred in rulings; 9th, that the court erred in instructions; and 10th, that the court of its own motion should have instructed the jury that the complaining witness was an accomplice.

The tenth point will be discussed first.

 The only instruction given in this case which can be said to define or deal with accomplices and their corroboration reads as follows:

"I instruct you that a conviction of this defendant on charges of violation of Section 286 of the Penal Code cannot be had upon the testimony of an accomplice unless it be corroborated by such other evidence as shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof. An accomplice is hereby defined as one who is liable to prosecution for the identical offense charged against the defendant on trial in the cause in which the testimony of the accomplice is given."

The appellant contends that his rights were not adequately protected by this instruction, and that the court *sua sponte* should have told the jury (in dealing with the charge under § 286) directly and in so many words *that the complaining witness was an accomplice.*

Three recent cases discuss the duty resting on trial courts to give instructions even though they are not requested, i. e., *People* v. *Warren,* 16 Cal.2d 103 [104 P.2d 1024] ; *People* v. *Putnam,* 20 Cal.2d 885 [129 P.2d 367] ; and *People* v. *Bender,* 27 Cal.2d 164 [163 P.2d 8]. In the Putnam case, *supra,* page 890, the court says: "It is incumbent upon a court in

a criminal case to instruct the jury of its own motion, charging them fully and fairly upon the law relating to the facts of the case [citations]. The court is not relieved of the duty to give instructions whose necessity is 'developed through the evidence introduced at the trial' [citations]. An instruction is necessary if it is vital to a proper consideration of the evidence by the jury [citations].'' In enumerating the subjects on which such instructions must be given the opinion specifies accomplice instructions when it says: ''Accordingly, it has been held that the court must of its own motion instruct the jury in criminal cases with respect to accomplices and their testimony (*People* v. *Warren, supra; People* v. *Heddens, supra*), . . .''

In *People* v. *Warren*, 16 Cal.2d 103, 116 [104 P.2d 1024], the court said: ''While it is true that appellant Warren did not. propose instructions on the subject, we believe it was prejudicial error here for the trial court to fail to give such instructions of its own motion. (*People* v. *Heddens*, 12 Cal. App.2d 245 [55 P.2d 230] ; see, also, *People* v. *Curran*, 24 Cal. App.2d 673 [75 P.2d 1090].) ''

The leading case of *People* v. *Coffey*, 161 Cal. 433, 436 [119 P. 901, 39 L.R.A.N.S. 704], lays down the following rules with respect to accomplice instructions, differentiating between those cases where there is a question of fact whether a witness is an accomplice and those where there is not: ''When the question of an accomplice arises in the trial of a case, the general and accepted rule is for the court to instruct the jury touching the law of accomplices, and leave the question whether or not the witness be an accomplice for the decision of the jury as a matter of fact. (*People* v. *Kraker*, 72 Cal. 459 [1 Am.St.Rep. 65, 14 P. 196].) Whenever the facts themselves are in dispute, that is to say, whenever the question is whether the witness did or did not do certain things, which, admittedly, if he did do them, make him an accomplice, the jury's finding, upon familiar principles, is not disturbed. But where the facts are not in dispute, where the acts and conduct of the witness are admitted, it becomes a question of law for the court to say whether or not those acts and facts make the witness an accomplice. . . . Therefore, whenever upon appeal it is argued that the conviction was had upon the uncorroborated testimony of an accomplice, it is equivalent to a declaration that the verdict is contrary

to the law and the evidence, and this is always a legal question. (Pen. Code, sec. 1181, subd. 6.) Hence, in every proper case, a court of appeals is called upon to consider whether or not the witness is an accomplice, and, if so, whether his evidence has received the corroboration demanded by the law before a defendant may be convicted upon it."

The age of the complaining witness (16 years) and all the circumstances shown by his own testimony bring the case squarely within the rule of *People* v. *Robbins,* 171 Cal. 466 [154 P. 317]. He was unquestionably an accomplice and it was therefore the duty of the court to so instruct the jury as matter of law. (*People* v. *Coffey, supra; People* v. *Southwell,* 28 Cal.App. 430 [152 P. 939] ; *People* v. *Swoape,* 75 Cal.App. 404 [242 P. 1067] ; *People* v. *Brown,* 25 Cal.App.2d 513, 515 [77 P.2d 880] ). The respondent in its brief does not question that the complaining witness was an accomplice but assumes that he was.

In *People* v. *Southwell, supra,* the failure of the court to instruct the jury directly, and as matter of law, that two women witnesses who put up bribe money were accomplices, was held to be prejudicial error. The court's reasons were thus stated, page 433: "Under this state of the case, and assuming that the corroborative evidence, admittedly slight, was sufficient to support the conviction, it was very material to the defendant to have the law as to the testimony of accomplices explicitly stated to the jury. It was not for the jury to decide whether each or any of the witnesses were accomplices, but under the testimony, it was the duty of the court to give the requested instructions advising the jury that Mrs. Willie Martin and Rena McMonagle were both accomplices as to the crime charged against the appellant. Under the state of the record as we have described it, there should have been left to the jury no discretion of judgment to determine as to whether these witnesses were accomplices; the testimony showed as a fact that they were. For aught that appears, the jury may not have applied the rule of section 1111 of the Penal Code, to the testimony of these witnesses, but may have given full credit and weight to their testimony and left out of account altogether the requirement that such testimony, before it was sufficient to warrant a conviction, should be corroborated by other and independent evidence."

Those observations apply with equal force to the instant

case. In this case eleven witnesses testified. Without a direct and unequivocal instruction that the complaining witness was an accomplice, the jury might well have been left with the impression that he was a mere victim, in which event his testimony would be as credible as that of any other witness.

In addition to the authorities already cited the following cases hold that it is *prejudicial error* to fail to instruct that a witness is an accomplice when his own testimony, or other undisputed evidence, shows that he is, i. e., *People* v. *Allison*, 200 Cal. 404 [253 P. 318] ; *People* v. *Bailey*, 82 Cal.App. 700 [256 P. 281] ; and *People* v. *Schumann-Heink*, 98 Cal.App. 225 [276 P. 625]. There is no case in this state which we have found holding that this is not error, but there are cases which, while conceding it to be error, hold that it is not *prejudicial*. The leading case in this line is *People* v. *McDermott*, 75 Cal.App. 718 [243 P. 485], where the jury were instructed "that an accomplice is one who knowing that a crime is being committed wilfully and with criminal intent intentionally aids, abets and assists another in the commission of such crime, or criminal act, and whether or not one is an accomplice as defined in these instructions, is for the jury to determine from all the testimony and circumstances in the case." The court conceded that the jury should have been told explicitly and directly that the witness was an accomplice, instead of having been given the foregoing instruction, but points out that "In other instructions *the definition of an accomplice was correctly stated . . .*" (emphasis added).

In *People* v. *Ferlin*, 203 Cal. 587 [265 P. 230], a similar situation was presented and the court said: "The question as to whether or not the witness Hill was an accomplice, under the evidence, was not seriously disputed upon the trial of the cause. It was the duty of the trial court, therefore, to instruct the jury, as matter of law, that Hill was an accomplice of the defendant. (*People* v. *Coffey*, 161 Cal. 433, 436 [39 L.R.A.N.S. 704, 119 P. 901] ; *People* v. *Howell*, 69 Cal.App. 239, 242 [230 P. 991].) However, this error cannot be said to have prejudicially affected the defendant. In *People* v. *McDermott*, 75 Cal.App. 718 [243 P. 485], it is declared that 'the jury should have been instructed that Sova must be regarded as an accomplice. That question should not have been left to it to determine. However, it must be presumed that the jurors observed and applied the instructions given them. *In other instructions the definition of an accomplice was cor-*

*rectly stated. . . ."* The court concludes: "Practically an identical situation is presented in the instant case, for the court below *in several instructions correctly stated the definition of an accomplice . . ."* (emphasis added).

The McDermott and Ferlin cases were followed in *People* v. *Knoth,* 111 Cal.App. 250 [295 P. 577] (where the instructions are not quoted in the opinion); in *People* v. *Rous,* 118 Cal. App. 534 [5 P.2d 470] (where the instructions are not quoted, but where the court says that the verdict could not "be said to have been founded entirely upon the evidence elicited from accomplices"); in *People* v. *Menne,* 4 Cal.App.2d 91 [41 P. 2d 383] (where the instruction given differed from that in the McDermott case only in the addition of the word ("felonious"); in *People* v. *Bonner,* 5 Cal.App.2d 314 [42 P.2d 694] (where the court, without quoting the instructions, says that "in several of them the jury was given the correct definition of an accomplice"); and in *People* v. *Wahnish,* 20 Cal.App. 2d 58 [66 P.2d 677] (where it was conceded "that the court fully and fairly charged the jury as to the definition of an accomplice . . .").

 The respondent argues that, even conceding error in failing to give the direct instruction, appellant "is nevertheless foreclosed under *section 4½ of Article 6 of the State Constitution,"* but we are satisfied that it is not a tenable argument. If in the case at bar the court had given an instruction such as that given in the McDermott case, *supra,* or one based on the several definitions found in *People* v. *Coffey, supra,* much could be said in favor of a holding that the McDermott and Ferlin cases should be followed herein and the error held nonprejudicial. But the jury was told only that an accomplice is "one who is liable to prosecution for the identical offense charged against the defendant on trial in the cause in which the testimony of the accomplice is given." No instruction was given supplementing, enlarging upon, aiding or clarifying this statutory definition.

The evidence shows that the prosecuting witness was 16. Because of his youth, however, and because the case was tried in the juvenile court, the jury might have doubted whether he was "liable to prosecution for the identical offense" in the absence of an instruction defining persons capable of committing crimes (Pen. Code, § 26). They might have questioned his criminal liability for other reasons (which

need not be elaborated), in the absence of more specific definition. The instruction defining the offense itself, taken from section 286, Penal Code, could not be said to enlighten them as to whether or not he could be so prosecuted.

█ The fact that the instruction was given in the language of the statute is not an answer to the problem, for there are exceptional cases where such a strictly legal definition (sufficient, perhaps, for lawyers and courts) would not, by itself, be sufficiently comprehensive. Indeed it might even be misleading. (See 8 Cal.Jur. 326, § 374; *People* v. *Plyler,* 121 Cal. 160, 163 [53 P. 553]; *People* v. *Lon Yeck,* 123 Cal. 246, 247 [55 P. 984]; *People* v. *Dobbins,* 138 Cal. 694, 698 [72 P. 339]; *People* v. *Ruiz,* 144 Cal. 251, 253 [77 P. 907].)

In the case of *People* v. *Howell,* 69 Cal.App. 239 [230 P. 991], an accomplice instruction was given, as it was here, in the language of section 1111, but it was followed up, as might have been done in this case, by a further instruction. The court said, page 244: "It is also contended by appellant that the instruction conflicts with another instruction given to the jury. The objection appears to be based upon the fact that by the one instruction an accomplice was defined as 'one who is liable to prosecution for the identical offense charged against the defendant,' etc., and by the instruction here under consideration an accomplice is defined as 'one who, knowing that a crime is being committed, willfully and with criminal intent intentionally aids, abets and assists another in the commission of such crime or criminal act.' The two instructions are not in conflict, but, to the contrary, are in harmony one with the other. The first instruction tells the jury that an accomplice is one who in given circumstances 'is liable to prosecution,' and the second instruction is *an aider of the first in making it plain that those persons are accomplices who, knowing that a crime is being committed, willfully and with criminal intent aid in its commission. Otherwise, as heretofore indicated, any person, without reference to his intent, who in any manner assisted in the commission of a criminal act would be an accomplice and 'liable to prosecution.' "* (Emphasis added.)

See, generally, *People* v. *Shaw,* 17 Cal.2d 778, 799 [112 P.2d 241], on the question of accomplices.

█ It might also be argued that the judgment should be affirmed because of the appellant's confession, but we are satisfied that this is not a tenable ground. On the night of

his arrest appellant gave to the arresting officers a signed statement in question and answer form wherein he admitted the commission of the offense. Thereby he definitely connected himself "with the commission of the offense" (Pen. Code, § 1111), and that statement, plus two oral admissions, were laid before the jury, and were and now are relied on by the state as furnishing the requisite corroboration. Such statement, if legally obtained, would afford sufficient corroboration. (*People* v. *Frazer,* 80 Cal.App. 464, 468 [252 P. 633]; *People* v. *Negra,* 208 Cal. 64, 69 [280 P. 354]; *People* v. *West,* 4 Cal. 2d 367, 371 [49 P.2d 276]; *People* v. *Ives,* 17 Cal.2d 459, 466 [110 P.2d 408].) That the statement was not freely and voluntarily given was one of the principal issues in this case and that point is now pressed on appeal. At the trial the appellant definitely repudiated the statement and claimed that it was forced from him by beatings and by threats of further violence. Such violence and threats were denied by the officers.

This entire matter went before the jury without any instruction respecting proof of the corpus delicti or respecting confessions and admissions. In the enumeration of subjects upon which *sua sponte* instructions must be given the opinion in the Putnam case, *supra,* includes "admission of confessions and the necessity of independent proof of the corpus delicti," citing *People* v. *Frey,* 165 Cal. 140 [131 P. 127]. In the Frey case the necessity for the giving of such an instruction is stated as follows: "But . . . the court should have told the jury the true rule with reference to the admission of confessions and the necessity for independent proof of the *corpus delicti.* In such a case as this the defendant was entitled to the benefit of such a charge. The court utterly failed to instruct upon this matter and thereby committed error." The rule is stated in 8 California Jurisprudence 348, section 389 as follows: "When evidence of a defendant's confession is admitted, and the court submits to the jury the question whether or not the confession was voluntarily made, it should instruct the jury to disregard the evidence if they find it to have been involuntary." The failure to give such an instruction is not discussed by us as a ground for reversal *on that point.* Its pertinency is in connection with our "examination of the entire cause, including the evidence" (Const., art. VI, § 4½) and only in connection

with the inquiry, whether or not the error in failing to properly instruct on accomplices can be said to be prejudicial. In the same connection it might be remarked that although the jury was told that corroboration was required, no definition of corroborative evidence was given (Code Civ. Proc., § 1839; *People* v. *Sternberg,* 111 Cal. 11 [43 P. 201]) nor was the jury instructed that "the testimony of an accomplice ought to be viewed with distrust" (Code Civ. Proc., § 2061, subd. 4; *People* v. *Sternberg, supra; People* v. *Dail,* 22 Cal. 2d 642 [140 P.2d 828]). The prosecution relied on two oral admissions (in addition to the signed statement), but the jury was not told that the oral admissions of a party ought to be viewed with caution. (Code Civ. Proc., § 2061, subd. 4.)

We are satisfied from a careful "examination of the entire cause, including the evidence" that it cannot be held that the error in failing to give an instruction directly telling the jury that the complaining witness was an accomplice, was not prejudicial. That part of the judgment on the section 286 count must therefore be reversed. Such reversal renders it unnecessary to pass upon the appellant's other points raised in connection with count one.

With respect to the count charging a violation of the juvenile court law, the jury was instructed that "It is not essential in the prosecution for a violation of Section 702 . . . that the testimony of a minor boy as to what was actually done or said to him, if anything, by this defendant should have been corroborated by the testimony of other witnesses, but·it is sufficient for a conviction for violation of Section 702 . . . if the jury believes beyond a reasonable doubt from all the evidence in this case that the crime charged in the information has in fact been committed by this defendant." This instruction is not criticized by appellant.

We are satisfied that the evidence is sufficient to support the judgment of conviction on the 702 count. Indeed no insufficiency is claimed by the appellant.

With respect to the other points under this head we find no error of sufficient seriousness to warrant a reversal. The fourth point,—the claimed prevention of a witness from testifying—was fully laid before the jury, and the ₋appellant was in no way restricted in developing his position in that regard. The seventh point—that one of the arresting officers mingled with the jurors during a court recess—was taken care of by an instruction to the jury given immediately

after the incident occurred, after which the trial judge asked appellant's counsel if the instruction satisfied him and he replied that it did.

The judgment of conviction based on count one of the information (charging a violation of Pen. Code, § 286) is reversed and the cause remanded for a new trial on that count. The judgment of conviction based on count two of the information (charging a violation of Welf. & Inst. Code, § 702) is affirmed.

Nourse, P. J., and Dooling, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied May 27, 1946.