## THE PEOPLE v. U. S. GASSAWAY.

PRINCIPAL AND ACCESSORY AFTER THE FACT.—One indicted for the crime of robbery as principal, cannot be convicted of the offense charged in the indictment if the evidence shows that he was only an accessory after the fact.

SAME.—Upon a trial for robbery, if the evidence is circumstantial and involves the inquiry whether the defendant was guilty, if guilty at all, as principal or as an accessory after the fact, the Court should instruct the jury, if requested, that the defendant cannot be convicted if he was only an accessory after the fact.

APPEAL from the County Court, Butte County.

The facts are stated in the opinion of the Court.

*Coffroth & Spaulding*, for Appellant.

*J. G. McCullough, Attorney-General*, for the People.

By the Court, CURREY, J.

The defendant was indicted with four other persons for the crime of robbery, charged to have been committed on the 25th

of June, 1864, in the County of Butte. He pleaded not guilty. He was tried and found guilty and then sentenced to be imprisoned in the State Prison for the term of six years.

It was proved on the trial that a robbery was committed on the day named, near Bidwell, in the County of Butte, by several persons who were disguised. The defendant was encamped at the time with his family near the scene of the robbery, and it was sought to implicate him as an accessory before the fact, with the commission of the crime, by proof of circumstances tending to establish his connection with it. All the evidence in the case, so far as this defendant was concerned, was of a circumstantial nature.

When the case was finally submitted at the trial, the defendant's counsel requested the Court to instruct the jury that, "whilst knowledge of the commission of a crime, acquired after the same had been perpetrated, connected with the act of concealing the same or harboring or protecting the person charged, would constitute the offense of accessory after the fact, yet such knowledge and acts do not constitute, nor are they of the offense of which the defendant is indicted." The Court refused to so instruct the jury, and the defendant excepted.

The evidence in the case was of a character involving the inquiry whether the defendant was guilty, if guilty at all, of the offense charged in the indictment, or as an accessory after the fact. The charge requested appears to have been designed to instruct the jury that in the event the evidence satisfied them the defendant acquired a knowledge of the commission of the crime after its perpetration and concealed it, or harbored and protected the persons charged with its commission then he was only an accessory after the fact, and could not be found guilty as an accessory before the fact, or, in other words, as a principal.

By the eleventh section of the Act concerning crimes and punishments an accessory before the fact is to be deemed and considered as a principal, and punished accordingly. The twelfth section of the same Act defines an accessory after the

fact to be a person who, after full knowledge that a crime has been committed, conceals it from the magistrate, or harbors and protects the person charged with or found guilty of the crime. There is an important and material difference between an accessory before the fact and an accessory after the fact. The former is a principal, and is to be punished as a principal. If found guilty as an accessory to the commission of a robbery before the act of robbery is perpetrated, he may be punished by imprisonment in the State Prison for any length of time between one year and the time of his death. But if a person be found guilty as an accessory after the fact, the statute provides that he shall be imprisoned for any term not exceeding two years, and fined in a sum not exceeding five thousand dollars, according to the circumstances of the case and the enormity of the crime.

If the jury had been instructed as requested, or so substantially, it may be they would have found a different verdict. We think, considering the nature of the evidence, the defendant was entitled to the benefit of the instruction requested, and that he may have been injured by its refusal.

The judgment is reversed and the cause remanded for a new trial.