[Crim. No. 1243. Second Appellate District, Division One.— December 2, 1925.]

THE PEOPLE, Respondent, v. R. L. SWOAPE et al., Appellants.

[1] CRIMINAL LAW—SEPARATE TRIALS—DISCRETION—APPEAL.—Where several defendants are charged jointly with the commission of an offense, the granting of a motion for separate trials rests in the sound discretion of the trial court under section 1098 of the Penal Code, and upon appeal the determinative question is whether the trial court abused the discretion vested in it.

[2] ID.—LARCENY—SEVERAL DEFENDANTS JOINTLY CHARGED—ADMISSIONS OF CODEFENDANT—SEPARATE TRIAL—DISCRETION—INSTRUCTIONS.—In a prosecution under an information charging several defendants jointly with the commission of grand larceny, where it was urged by one of the defendants in support of his motion for a separate trial that one of his codefendants had made statements or admissions involving the other defendants, and particularly involving said defendant, which said statements and admissions, if competent against said codefendant, would not be admissible against the moving defendant, and consequently were prejudicial to him, the trial court did not abuse its discretion in denying the motion where it repeatedly instructed the jury, in substance, that the statements made by such codefendant could not be considered as to the other defendants, and that any confession would apply only to the defendant making it.

[3] ID. — WITNESSES — ACCOMPLICE — CROSS-EXAMINATION — NONPREJUDICIAL ERROR.—In such prosecution, where one of the witnesses for the prosecution testifies as to his participation in the commission of the offense of which the defendants were charged, it is proper for the defendants to show on cross-examination, for the purpose of attacking the credibility of the witness, that he

---

1. See 8 **Cal. Jur.** 194; 8 **R. C. L.** 167.
3. See 27 **Cal. Jur.** 128.

was an accomplice, requiring corroboration under section 1111 of the Penal Code, or that he had been charged with the commission of the identical offense for which the defendants are on trial and that he is testifying with the hope of obtaining immunity; and where that right is denied by the trial court, on the theory that, according to the provisions of section 2051 of the Code of Civil Procedure, the only permissible question to be asked the witness in connection with the matter is whether he had ever been convicted of a felony, the defendants are injured in that regard by the action of the trial court; but such error of the trial court becomes immaterial where, within the testimony of the same witness, his complicity appears, in that it is shown that he did take part in the commission of the crime.

[4] ID.—EXAMINATION OF WITNESSES—QUESTIONS PROPOUNDED AFTER OBJECTION SUSTAINED—CONTEMPT—ALLEGED MISCONDUCT OF TRIAL JUDGE.—In such prosecution, alleged misconduct on the part of the trial court prejudicially affecting the jury against the defendants may not be predicated upon the action of the trial judge in intimating to counsel for the defendants that if any further attempt were made by him to elicit information from a witness by again asking certain questions, objections to which had been sustained by the court, counsel would be in contempt of court and be ordered to suffer accordingly, where from the judge's viewpoint, believing as he did that the questions were improper, the course pursued by him was entirely regular and fully justified and no undue harshness or arbitrariness was indulged in by the court, nor was any personal reflection cast upon either of the defendants.

[5] ID.—ACCESSORIES—PUNISHMENT.—Under section 971 of the Penal Code, an accessory before the fact who aids and abets in the commission of a crime is punishable as a principal.

[6] ID. — INSTRUCTIONS — PARTICIPATION IN CRIME — ACCESSORY AFTER THE FACT—EVIDENCE—ERROR.—In this prosecution for grand larceny, where it was possible from the evidence that the jury did not believe that one of the defendants had aided and abetted in the actual theft, but believed that after the property was stolen he obtained full knowledge of the facts and thereafter concealed them from the magistrate or harbored or protected the persons charged with the commission of the crime, and that thereupon the jury concluded that said defendant should be found guilty, the trial court erred in refusing to give an instruction requested by said defendant that if his co-operation was only after the crime had been committed he was entitled to an acquittal.

---

4.  See 8 Cal. Jur. 252.
5.  See 7 Cal. Jur. 892; 1 R. C. L. 145.

[7] ID.—PLEADING—EVIDENCE—VARIANCE.—In such prosecution, where the information alleged the larceny of "drill" pipe, evidence that instead of being "drill" pipe it was "line" pipe that was stolen did not constitute a variance between the allegations and the proof, where the evidence disclosed that the pipe was originally drill pipe, but that by reason of the removal of the tool joints thereof prior to its theft the pipe was converted from drill pipe to line pipe and it is clear that the defendants were in nowise injured in their defense by such alleged variance, and for that reason they are in no position to complain of the discrepancy.

[8] ID.—REFUSAL OF REQUESTED INSTRUCTION—OTHER INSTRUCTIONS—ABSENCE OF ERROR.—In such prosecution, the trial court did not err in refusing to give to the jury at the request of one of the defendants an instruction to the effect that the written statement of a codefendant is not competent against said defendant and that no portion of said statement should be considered by the jury against such defendant, where the substance of the requested instruction was contained in one of the other instructions given by the court.

[9] ID.—INSTRUCTIONS—QUESTION OF ACCOMPLICE—VERDICT.—When the question of accomplice arises in the trial of a case, the general and accepted rule is for the court to instruct the jury touching the law of accomplices, and to leave the question whether or not the witness be an accomplice for the decision of the jury as a matter of fact.

[10] ID.—ACCOMPLICE—UNDISPUTED FACTS—CORROBORATION—QUESTION OF LAW.—Whenever the facts are in dispute as to whether the witness did or did not do certain things, which, if he did do them, admittedly make him an accomplice, the jury's finding thereon will not be disturbed; but where the facts are not in dispute, and the acts and conduct of the witness are admitted, it becomes a question of law for the court to say whether or not those acts and facts make the witness an accomplice, whose testimony, before it is sufficient to warrant a conviction, should be corroborated by other and independent evidence as required by the mandatory terms of section 1111 of the Penal Code.

[11] ID.—INSTRUCTIONS—ACCOMPLICE—EVIDENCE—ERROR.—In a prosecution for grand larceny, where a witness for the prosecution testified in substance that he knew the property was being stolen and assisted in loading it on the truck that carried it away, there being no contradiction of his testimony in that regard, it was the duty of the trial court to instruct the jury at the request of one

---

7. See 15 Cal. Jur. 922.
8. See 8 Cal. Jur. 314.
9. See 8 Cal. Jur. 277.

of the defendants that said witness was an accomplice and that his testimony was to be weighed in accordance with the law affecting the testimony of accomplices, as elsewhere given by the court to the jury, and the refusal of such instruction was error.

[12] ID.—CORROBORATION OF ACCOMPLICE—REFUSAL OF INSTRUCTION— DEPRIVATION OF SUBSTANTIAL RIGHT.—In such prosecution, the refusal of the trial court to give an instruction requested by one of the defendants to the effect that the corroboration of an accomplice is not sufficient if it merely shows the commission of the offense or the circumstances thereof, and which defined corroborative evidence as additional evidence of a different character to the same point, deprived said defendant of a substantial right, in view of the fact that the evidence of accomplices was relied upon to a considerable extent by the prosecution.

[13] ID.—INSTRUCTIONS—FEIGNED ACCOMPLICE—EVIDENCE—ERROR.—In such prosecution, where there was no evidence of a feigned accomplice having operated in the course of the commission of the offense, it was error for the trial court to give certain instructions relating to feigned or pretended accomplices, as they permitted the jury to indulge in guesswork as to whether any or all of the accomplices in the case were real, or whether, under the direction of officers of the law or on their own initiative, they were feigning complicity in the perpetration of the crime; and if the jury concluded that the latter state of affairs existed, the instructions informed the jury that the testimony of such accomplices required no corroboration, thereby giving to such testimony weight and credit not permitted to be given to the testimony of accomplices by the terms of the statute.

(1) 16 C. J., p. 785, n. 68.   (2) 16 C. J., p. 786, n. 77, p. 788, n. 7; 40 Cyc., p. 2683, n. 53, p. 2684, n. 54, 55.   (3) 17 C. J., p. 333, n. 95, p. 335, n. 9.   (4) 17 C. J., p. 295, n. 63, 64.   (5) 36 C. J., p. 935, n. 20.   (6) 16 C. J., p. 134, n. 19, 20.   (7) 17 C. J., p. 287, n. 58.   (8) 16 C. J., p. 1063, n. 85.   (9) 16 C. J., p. 928, n. 79, p. 999, n. 75.   (10) 16 C. J., p. 928, n. 78.   (11) 16 C. J., p. 100, n. 90.   (12) 16 C. J., p. 1001, n. 98, 2, 5.   (13) 16 C. J., p. 999, n. 84.

APPEAL from a judgment of the Superior Court of Los Angeles County. Edwin F. Hahn, Judge. Reversed.

The facts are stated in the opinion of the court.

Wood & McArthur, Earl W. Wood and Wallace Collins for Appellants.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, and Hamish B. Eddie for Respondent.

HOUSER, J.—On an information which charged R. L. Swoape, William F. Patterson, and Charles Slack with the crime of grand larceny, the defendants Patterson and Slack were convicted. Each of them appeals from the judgment and from the order denying his motion for a new trial.

At the outset it is urged by appellant Slack that he is entitled to a new trial for the reason that by the order of the trial court he was denied a separate trial from his co-defendants. [1] By the information all the defendants were charged jointly with the commission of the offense, and in such circumstances by statutory provision the granting of a motion for a separate trial rests in the sound discretion of the court. (Sec. 1098, Pen. Code; *People* v. *Anderson,* 59 Cal. App. 408, 431 [211 Pac. 254].) The determinative question is whether the trial court abused the discretion vested in it. The principal reason urged by Slack for a separate trial was that it appeared from an examination of the transcript of the record of the preliminary examination that defendant Patterson had made statements or admissions involving the other defendants and particularly involving said defendant Slack, which said statements and admissions, if competent against the defendant making them, would not be admissible against the said defendant Slack, and consequently that such admissions and statements were prejudicial to said defendant Slack.

In the case of *Commonwealth* v. *Place,* 153 Pa. St. 314 [26 Atl. 620], where a motion for a separate trial was denied to one of the two defendants, it was held that "the fact that one defendant was attempting to escape by throwing the blame on the other was no reason why the court should grant them separate trials."

In the case of *People* v. *Hotz,* 261 Ill. 239 [103 N. E. 1007], where a similar question was before the court, it is said (syllabus) : "The court, by expressly limiting testimony as to statements made by one of the defendants to such defendant alone, sufficiently protected the rights of his co-defendant, and the denial of separate trials on the ground that such statements would be offered in evidence was not error."

[2] In view of the fact, as appears by the record herein, that the trial court repeatedly instructed the jury in substance that the statements made by the defendant Patterson could not be considered as to the other defendants, and that any confession would apply only to the defendant making it, while from a practical standpoint the efficacy of such admonition may be doubted, presumably from a legal standpoint the jury was able to and did disregard the confession made by the defendant Patterson so far as it contained any implicatory statements regarding the defendant Slack. It must therefore be held that the trial court did not abuse its discretion in denying a separate trial to defendant Slack.

[3] One of the witnesses for the prosecution testified to his participation in the commission of the offense of which the defendants were charged. On cross-examination, among other questions, he was asked: "Q. You have been charged by an information with this same crime, have you not? Q. Well, have you been arrested for this same offense?"

Counsel for defendant Slack explained that the purpose of the questions was to show that the witness was an accomplice; but an objection interposed by the People as to each of such questions was sustained by the court on the theory that, according to the provisions of section 2051 of the Code of Civil Procedure, the only permissible question to be asked the witness in connection with the matter was whether he had ever been convicted of a felony. If it be assumed that the witness had never been convicted of a felony, the credibility of the witness would still be open to investigation. It would seem but reasonable that for the purpose of attacking the credibility of the witness by showing that he was an accomplice, or that he had been charged with the commission of an identical offense for which the defendants in the action were on trial, and that the witness was testifying with the hope of obtaining immunity, the defendants should have been permitted to show the facts. In such circumstances the provisions of section 2051 of the Code of Civil Procedure with reference to a conviction of a felony would not be exclusive. As is stated in 40 Cyc., page 2683, where authorities are cited: "As indicating interest or bias, it is proper to show that a witness for the prosecution or the defense in a criminal case has himself been officially accused of or

indicted for the crime for which defendant is on trial, particularly where the witness testifies for the prosecution under a promise of or in the expectation of leniency or immunity.''

In *State* v. *Rosa,* 71 N. J. L. 316 [58 Atl. 1010], it is said: `` . . . the fact that a witness knows himself to be officially accused of the crime which his evidence tends to fasten upon another person cannot be overlooked in considering whether he is free from every influence that might lead to falsehood.''

In *State* v. *Burpee,* 65 Vt. 1 [36 Am. St. Rep. 775, 19 L. R. A. 145, 25 Atl. 964], appears the following: ``If he was under suspicion of having committed the identical crime in question, and had been arrested for it, he was testifying, as it were, with a rope about his neck, and might naturally desire and seek to screen himself in the account he gave as to how the cattle came into his possession.''

In the case of *People* v. *Demera,* 64 Cal. App. 121 [220 Pac. 673], where it appeared that the witness was the originator of the crime and had been jointly charged therewith with the defendant, but which witness before taking the witness-stand had had the action dismissed as to him, the court said: ``While he was upon the stand the counsel for the defense endeavored to bring these facts before the jury in order to attack his credibility as a witness which, of course, they had a right to do.'' (See, also, *People* v. *Robles,* 34 Cal. 591, 594.)

The testimony given by the witness here in question was of a most damaging character to the case of the defendants. The credibility of the witness, so far as the defendants were concerned, was of vital importance. If the witness was an accomplice of the defendants, it was necessary before a conviction of the defendants could be had thereon that the evidence of the accomplice be corroborated by such other evidence as tended to connect the defendants with the commission of the offense. (Sec. 1111, Pen. Code.) The defendants were therefore entitled to show by this witness just what was his position with reference to the situation then before the court. That right having been denied the defendants, it follows that in that regard the defendants were injured by the action of the court, were it not for the further fact that within the testimony of the same witness his complicity appears in that it was shown that he did take part in the commission of the crime. The error of the court,

therefore, became immaterial, as did another alleged error of the court in sustaining an objection to the following question asked the witness by counsel for defendants: "Well, you did help steal this pipe, didn't you?"

[4] In connection with the asking of such questions, misconduct of the court is charged in that the judge strongly intimated to counsel for defendants that if any further attempt were made to elicit the desired information from the witness, counsel would be in contempt of court and be ordered to suffer accordingly. But from the judge's viewpoint, believing, as he apparently did, that the questions were improper, the course pursued by him was entirely regular and fully justified. No undue harshness or arbitrariness was indulged in by the court, nor was any personal reflection cast upon either of the defendants. In such circumstances we are unable to agree with appellants that the jury was prejudicially affected against defendants by reason of any alleged misconduct on the part of the court.

Defendant Slack requested the court to give to the jury the following instruction, which was by the court refused:

"The court instructs the jury that an accessory, as defined in the Penal Code of this state, is a person, who after full knowledge that a felony has been committed, conceals it from the magistrate, or harbors and protects the person charged with it or convicted thereof, and if you believe that the defendant Charles Slack is such an accessory and not a principal in the commission of the crime charged, you should find the defendant Charles Slack not guilty."

[5] It is suggested that because defendant Slack claimed and attempted to prove that he was only an accessory after the fact, he was entitled to have the quoted instruction given to the jury. Had he been an accessory before the fact or aided and abetted in the commission of the crime, he would have been punishable as a principal. (Sec. 971, Pen. Code.) His requested instruction proposed to tell the jury that in view of the particular offense of which he was charged, if his co-operation with the thieves was only after the crime had been committed, he was entitled to an acquittal. The case of *People* v. *Gassaway*, 28 Cal. 404, is in point. It is there held (syllabus) that "upon a trial for robbery, if the evidence is circumstantial and involves the inquiry whether the defendant was guilty, if guilty at

all, as a principal or as an accessory after the fact, the court should instruct the jury, if requested, that the defendant cannot be convicted if he was only an accessory after the fact.''

The evidence included testimony that the night after the pipe was stolen, Slack met one of the men who were concerned in the affair and said to him: "Say, the boys got caught taking the pipe last night. Now you don't know anything about it, and see that you don't. There has been three or four dicks around the office all day.'' The evidence tended to show that Slack did not know that the pipe was to be stolen, but that about noon of November 19th, which was the day following the theft, he heard that it had been taken and who had taken it; that Slack met a man by the name of Ponder, who, it appeared from the evidence, helped steal the pipe, the last night of November before Ponder became a fugitive from justice, and said to him: "I thought you were in jail. You took my truck when you got that pipe, didn't you? You will be in jail.'' Also, that with full knowledge of the theft and who committed it, Slack took no action against the guilty parties.

[6] It is possible that the jury did not believe that Slack aided and abetted in the actual theft of the pipe, but did believe that after the pipe was stolen he obtained full knowledge of the facts and thereafter concealed them from the magistrate or harbored or protected the persons charged with the commission of the crime; and that thereupon the jury concluded that Slack should be found guilty of the crime charged in the information. It would therefore appear that the court erred in refusing to give to the jury the requested instruction.

[7] It is contended by appellants that, whereas the information accuses them of the crime of grand larceny in that they "did wilfully, unlawfully and feloniously take, steal and carry away twenty lengths of six-inch drill pipe,'' etc., the evidence shows that instead of the pipe being "drill" pipe it was "line" pipe that was stolen, and hence that a fatal variance exists between the allegation and the proof. The evidence disclosed that the pipe was originally drill pipe, but that by reason of the removal of the tool joints thereof prior to the time that the pipe was stolen, the pipe was thereby converted from drill pipe to line pipe. It

is clear that the defendants were in nowise injured in their defense by reason of such alleged variance, and for that reason they are in no position to complain of the discrepancy.

[8] Complaint is made by appellant Slack that the court erred in refusing to give to the jury at his request an instruction to the effect that "the court instructs the jury that the written statement of the defendant Patterson is not competent evidence against the defendant Slack and that no portion of said statement should be considered by this jury against the defendant Slack."

The specification of error, however, we think not well founded for the reason that the substance of the requested instruction was contained in one of the other instructions given by the court to the jury.

A man by the name of Johnson was a witness for the prosecution. He testified in substance that he knew the pipe was being stolen and assisted in loading it on the truck that carried it away. There was no contradiction of his testimony in that regard. In such circumstances the defendant Slack requested the court to give to the jury the following instruction: "The court instructs the jury that the witness Johnson is an accomplice in the commission of the offense charged in the information herein and for which the defendants are on trial and that the instructions that are here given to you on the subject of an accomplice should be applied by you to the testimony of said witness."

The requested instruction was by the court refused.

In the case of *People* v. *Coffey*, 161 Cal. 433, 436 [39 L. R. A. (N. S.) 704, 119 Pac. 901, 902], the rule with reference to the duty of the trial court where the question is whether a witness is an accomplice is stated as follows:

[9] "When the question of an accomplice arises in the trial of a case, the general and accepted rule is for the court to instruct the jury touching the law of accomplices, and leave the question whether or not the witness be an accomplice for the decision of the jury as a matter of fact. (*People* v. *Kraker*, 72 Cal. 459 [1 Am. St. Rep. 65, 14 Pac. 196].)

[10] Whenever the facts themselves are in dispute, that is to say, whenever the question is whether the witness did or did not do certain things, which, admittedly, if he did do them, make him an accomplice, the jury's findings, upon familiar principles, is not disturbed. But where the facts

are not in dispute, where the acts and conduct of the witness are admitted, it becomes a question of law for the court to say whether or not those acts and facts make the witness an accomplice. For the law declares in mandatory terms that 'A conviction cannot be had on the testimony of an accomplice, unless he is corroborated by other evidence which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof.' (Pen. Code, sec. 1111.)''

The point is elaborated in the case of *People* v. *Southwell,* 28 Cal. App. 430, 433 [152 Pac. 939, 940], where, among other things, it is said: ''Under this state of the case, and assuming that the corroborative evidence, admittedly slight, was sufficient to support the conviction, it was very material to the defendant to have the law as to the testimony of accomplices explicitly stated to the jury. It was not for the jury to decide whether each or any of the witnesses were accomplices, but under the testimony, it was the duty of the court to give the requested instructions advising the jury that Mrs. Willie Martin and Rena McMonagle were both accomplices as to the crime charged against the appellant. Under the state of the record as we have described it, there should have been left to the jury no discretion of judgment to determine as to whether these witnesses were accomplices; the testimony showed as a fact that they were. For aught that appears, the jury may not have applied the rule of section 1111 of the Penal Code to the testimony of these witnesses, but may have given full credit and weight to their testimony and left out of account altogether the requirement that such testimony, before it was sufficient to warrant a conviction, should be corroborated by other and independent evidence. For this error alone, we think that the appellant is entitled to a new trial.''

[11] The comment made by the court in the case last cited respecting the possible effect on the jury of the failure of the court to declare as a matter of law that the witnesses therein referred to were accomplices is applicable in the instant case. Relying upon the testimony given by Johnson, the jury would have been correctly instructed by the court had it been told that Johnson was an accomplice and

that his testimony was to be weighed in accordance with the law affecting the testimony of accomplices, as elsewhere given by the court to the jury. Johnson's testimony affected all the defendants, but particularly implicated defendant Slack and all the defendants were entitled to have Johnson's testimony judged by the jury in accordance with the provisions of the statute affecting the testimony given by accomplices. That right was denied them; and it is impossible to determine the severity of the injury which each of them suffered by reason of such refusal.

[12] Defendant Slack also requested the court to give to the jury the following instruction:

"The court instructs the jury that, in a criminal action, a conviction cannot be had upon the testimony of an accomplice unless it be corroborated by such other evidence as tends to connect the defendant with the commission of the offense charged and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof; and the jury are further instructed that by corroborative evidence is meant additional evidence of a different character to the same point."

In lieu of such instruction the court gave to the jury another instruction which, in substance, covered the law as presented in defendant Slack's proposed instruction, with the exception that it omitted the statement that "the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof; and the jury are further instructed that by corroborative evidence is meant additional evidence of a different character to the same point." The first clause in such omitted statement is a part of the language of the statute (sec. 1111, Pen. Code); and the latter part, that is, that "by corroborative evidence is meant additional evidence of a different character to the same point," in view of the fact that the evidence of accomplices was relied upon to a very considerable extent by the prosecution, was of extreme importance to the defendant's case and should have been given to the jury. The question here presented was passed upon by the supreme court in the case of *People* v. *Sternberg,* 111 Cal. 11 [43 Pac. 201], where it was said:

"Members of a jury might be in excusable ignorance of the legal definition of corroborative evidence and yet possess

(or at least they should) intelligence enough to comprehend what was meant when they were told that it was additional evidence of a different character to the same point.

"The second and third proposed instructions are correct in law. They were not covered by any that were given, and should have been declared, if applicable to the case.

"That they were applicable no doubt can be entertained. The evidence of accomplices was before the jury. It was the defendant's right that his triers should know that it was a duty imposed upon them by law to receive this evidence with distrust. The question of the support of such testimony by corroborative evidence was a vital one for their determination. They were instructed in the language of the code (Pen. Code, sec. 1111) that they could not convict unless there was corroborative evidence. Defendant was plainly within his right in asking that they be told what corroborative evidence is.

"That the jury was instructed in the language of section 1111 of the Penal Code, that the evidence of an accomplice is not sufficient to convict unless he is corroborated by other evidence which, in itself, and without the aid of the testimony of the accomplice, tends to convict (connect) defendant with the commission of the crime, informed them of the amount and kind of corroborative evidence required, but they were still left without enlightenment as to what in law constitutes this character of evidence."

In *People* v. *La Rue,* 62 Cal. App. 276 [216 Pac. 627], the court, in commenting upon the importance to a defendant of an instruction similar to the one here being considered, used the following language: "Where the prosecution relies for a conviction upon the testimony of an accomplice, even though corroborated, the proposed instruction should have been given, because the jury may reject the corroborating evidence as unworthy of belief, and in such case the instruction would be vital." (See, also, *People* v. *Coffey,* 161 Cal. 433, 436 [39 L. R. A. (N. S.) 704, 119 Pac. 901].)

It therefore becomes clear that through the refusal of the court to give the instruction requested by defendant Slack said defendant was deprived of a substantial right.

Appellants specify further error in that, at the request of the People, the court gave to the jury the following instructions:

"The court further instructs the jury that the question whether a witness is an accomplice in fact and intent or only a feigned or pretended accomplice, is to be determined by the jury from all the evidence and circumstances in proof in the case."

"The uncorroborated testimony of one who, under the direction of the officers of the law, or of any other person, or upon his own initiative, feigns complicity in the commission of a crime merely for the purpose of detecting and prosecuting the perpetrators thereof is not an accomplice in law and the law does not require corroboration of such witness."

[13] It is contended by appellants, and not denied by respondent, that the record discloses no evidence upon which either of such instructions could be given. Such being the case, it must be assumed that there was no evidence of a feigned accomplice having operated in the course of the commission of the offense. The harmful effect of the criticised instructions is apparent. They permitted the jury to indulge in guesswork as to whether any or all of the accomplices in the case were real, or whether, under the direction of officers of the law or on their own initiative, they were feigning complicity in the perpetration of the crime. If the jury concluded that the latter state of affairs existed, the instructions informed the jury that the testimony of such accomplices required no corroboration, thereby giving to such testimony weight and credit not permitted to be given to the testimony of accomplices by the terms of the statute.

Other specifications of error are presented by each of the appellants, but if the correct conclusion has been reached on those points which have already been touched upon herein, it is useless to devote further consideration to the appeal.

It is ordered that the judgment and the order denying the motion for a new trial as to each of appellants be and they are reversed.

Conrey, P. J., and Curtis, J., concurred.