[Crim. No. 1405. Second Appellate District. Division One.—February 23, 1927.]

## THE PEOPLE, Respondent, v. WALLIE D. FORD, Appellant.

[1] CRIMINAL LAW—UNLAWFUL OFFER TO SELL NARCOTICS—SEVERANCE —DISCRETION — APPEAL.—Under the provisions of section 1098 of the Penal Code, where two or more defendants are jointly charged with any public offense, the decision of whether a motion made by one of such defendants for a separate trial shall be granted rests in the sound discretion of the trial court; and in a prosecution for unlawfully offering to sell narcotics, it must be assumed on appeal that the defendant's motion for a severance was properly denied, where no reasons are assigned nor authorities cited by defendant which would tend to show that the discretion vested in the trial court was abused.

[2] ID.—POSSESSION OF NARCOTICS—MOTION FOR DIRECTED VERDICT— PROPER DENIAL OF.—In a prosecution for the offense of unlawfully offering to sell narcotics, the fact that at the time of defendant's arrest no narcotics were found on his person did not warrant the

81 Cal. App.—29

trial court in granting his motion for a directed verdict, as the question of possession was not necessarily involved.

[3] Id.—Statements of Co-defendant After Commission of Offense—Instruction.—In a prosecution of defendant and another for unlawfully offering to sell narcotics, the defendant cannot successfully claim error on account of an alleged instruction that any statements made by the co-defendant to the arresting officer in the absence of defendant should not be received as evidence against defendant, where the instruction to which the defendant refers in substance was that the statement made by one defendant in the absence of the other defendant *and subsequent to the alleged offense* was not admissible as evidence against the defendant who was not present, and the attention of the appellate court is not directed to any statements alleged to have been made by the co-defendant *after* the offense was committed which were not in the presence of the defendant.

[4] Id.—Negotiations of Co-defendant — Declarations—Evidence—Directed Verdict.—In a prosecution of defendant and another for unlawfully offering to sell narcotics, after the relationship between the two defendants had been established, any incriminating statements made by either of them before the offense was committed were admissible in evidence, and, therefore, defendant's motion for a directed verdict, on the ground that all negotiations for the sale of narcotics in question had been carried on by the arresting officer with the co-defendant before the arresting officer had met defendant was properly denied by the trial court.

[5] Id.—Relationship Between Defendants—Reference to in Conversations—Testimony of Arresting Officer.—In such prosecution the defendant was not harmed by testimony of the arresting officer showing that in conversations with the co-defendant before the arrest was made and with the co-defendant and defendant at the time the arrest was made the arresting officer and the co-defendant frequently referred to the co-defendant as being the defendant's "partner"; and in any event the evidence was admissible, and the motion to strike out such evidence was properly denied, for the reason that the officer was only narrating alleged conversations which had occurred between him and the defendants, or one of them.

[6] Id. — Admission in Evidence of Bottles and Vials Containing Drugs—Propriety of.—In such prosecution, the admission in evidence of several bottles and vials containing the drugs, together with their newspaper covering, which were found by the officers in the rear of defendant's place of business, was proper, where the time elapsing between the alleged offer to sell and the discovery of the drugs at defendant's place of business was about

4.   See 1 R. C. L. 518; 8 Cal. Jur. 119.

three hours, and the possession of the drugs tended to corroborate
the testimony of the police officer as to defendant's offer to sell
the same.

[7] ID.—EVIDENCE — SPECIFICATION OF ERROR — INSUFFICIENCY OF.—In
such prosecution, it must be concluded that the defendant has
abandoned the point that error was committed by the trial court
in excluding certain testimony given by the defendant at his
preliminary examination, where nothing other than the bare speci-
fication of error is submitted by defendant which would in any
way tend to show the materiality of the proffered evidence nor
why or in what manner the defendant suffered any prejudice by
reason of its rejection.

---

(1) 16 C. J., p. 785, n. 68; 17 C. J., p. 217, n. 57. (2) 31 Cyc.,
p. 899, n. 27 New. (3) 17 C. J., p. 177, n. 79. (4) 16 C. J., p. 656,
n. 95. (5) 16 C. J., p. 651, n. 38. (6) 31 Cyc., p. 899, n. 26. (7)
17 C. J., p. 173, n. 46.

APPEAL from a judgment of the Superior Court of Los
Angeles County and from an order denying a new trial.
Victor R. McLucas, Judge. Affirmed.

The facts are stated in the opinion of the court.

M. H. Broyles for Appellant.

U. S. Webb, Attorney-General, John L. Flynn, Deputy
Attorney-General, and Warner I. Praul for Respondent.

HOUSER, J.—Defendant was convicted of the offense of
unlawfully offering to sell narcotics. He appeals from the
judgment and the order denying his motion for a new trial.

On the hearing of the action the following facts appeared
in evidence: A man by the name of Donaldson, who was a
co-defendant of this appellant, negotiated with a police officer
(without knowledge of the latter's official position) for the
sale to him of certain narcotics. At that time Donaldson
stated to the police officer that the narcotics which he pro-
posed to sell were in the possession of Ford. Thereafter
Donaldson and Ford met the police officer for the purpose
of concluding the proposed sale, at which time, after the
arrangements for the sale had been fully discussed between

7. See 8 Cal. Jur. 546.

the parties, Ford discovered that his prospective customer was a police officer, who then arrested both Ford and Donaldson. About three hours later the police officer and two others visited a certain restaurant owned and operated by Ford. In the rear of the place a package rolled in a newspaper which contained numerous bottles and vials or narcotics was found. Before the package was opened Ford stated that it was "a bundle of old laundry"; afterward he admitted to the officers that it was the "stuff" that he wished to sell, and stated in detail his connection with the narcotics, how the several articles came into his possession and his reasons for wishing to sell the same. His co-defendant Donaldson also made many admissions in the presence of Ford regarding the transaction, including the amount of money which, in accordance with the terms of an arrangement between him and Ford, each of them was to receive from the sale of the drugs—which statements were not denied by Ford.

In the information, which resulted in the conviction of the defendants, Ford and Donaldson were jointly charged with the offense of unlawfully offering to sell narcotics; and in a separate information, on which the defendant was not tried, Ford alone was accused of the offense of unlawful possession of narcotics. Appellant specifies as prejudicial error the denial by the trial court of his motion "for a severance and separate trial" from his co-defendant.

[1] Under the provisions of section 1098 of the Penal Code, where two or more defendants are jointly charged with any public offense, the decision of whether a motion made by one of such defendants for a separate trial shall be granted rests in the sound discretion of the trial court. (*People* v. *Bringhurst,* 192 Cal. 748 [221 Pac. 897]; *People* v. *Erno,* 195 Cal. 272 [232 Pac. 710]; *People* v. *Booth,* 72 Cal. App. 160 [236 Pac. 987]; *People* v. *Anderson,* 59 Cal. App. 408 [211 Pac. 254]; *People* v. *Rogers,* 60 Cal. App. 177 [212 Pac. 412]; *People* v. *Swoape,* 75 Cal. App. 404 [242 Pac. 1067]; *People* v. *Walden,* 75 Cal. App. 565 [243 Pac. 25]; *People* v. *Walsh,* 75 Cal. App. 434 [243 Pac. 31]; *People* v. *Smith,* 76 Cal. App. 105 [243 Pac. 882].) No reasons are assigned nor authorities cited by appellant which would tend to show that the discretion thus vested in the trial court on the hearing of the instant action was abused. In such

circumstances it must be assumed that the motion was properly denied.

[2] It is next urged by appellant that the trial court erred to the prejudice of defendant Ford in denying his motion for a "directed verdict" for the reason, first, that at the time of his arrest no narcotics were found on his person. Reliance for such position by appellant is placed in the case of *People* v. *Herbert,* 59 Cal. App. 158 [210 Pac. 276]. In that case the defendant was charged with *unlawful possession* of morphine. The evidence showed that at the time of his arrest the arresting officer felt the defendant "make a motion as if throwing something away, and an object was heard to drop on the street paving." Upon investigation several packages of morphine and cocaine were found from eight to fifteen feet from where the defendant and the officer were standing. The defendant was convicted; and on appeal he urged that the evidence was insufficient to show possession in the defendant of the drugs in question, for the alleged reason that it must have been shown that possession by the defendant was personal and not constructive. The court said that an instruction given by the trial court to the effect that "possession must have been an immediate and exclusive possession and one under the dominion and control of defendant" fully and correctly stated the law on the subject. However, the judgment was affirmed—which in its effect was an indication that the court regarded the defendant as having been in the immediate and exclusive possession of narcotics which were not on his person, and which, although from eight to fifteen feet away from him at the time of his arrest, were nevertheless under his dominion and control. Furthermore, that case is distinguishable from the instant case in that the charge in the case relied upon by appellant was that of *possession,* while in the instant case the accusation against defendant is that he did unlawfully and feloniously "*offer to sell.*" The question, therefore, of possession is not necessarily here involved.

Appellant assigns as a second reason why error was committed by the trial court in denying defendant's motion for a "directed verdict" the fact that all negotiations for the sale of the narcotics in question had been carried on by the arresting officer with defendant Donaldson before the arresting officer had met Ford; that the trial court instructed the

jury "that any statements made by Donaldson to the officer in the absence of Ford should not be received as evidence against Ford" and that "but for the statements of defendant Donaldson the *corpus delicti* had not been established against appellant."

[3] On examination of the record herein it appears that the instruction of the trial court to which appellant refers in substance was that the statement made by one defendant in the absence of the other defendant *and subsequent to the alleged offense* was not admissible as evidence against the defendant who was not present. The attention of this court is not directed to any statements alleged to have been made by Donaldson *after* the offense was committed which were not in the presence of defendant Ford. [4] It is made clear by a host of authorities that after the relationship between the two defendants had been established, any incriminating statements made by either of them before the offense was committed were admissible in evidence. It therefore follows that the motion made by defendant on the ground stated for a "directed verdict" was properly denied by the trial court.

[5] Appellant also contends that the trial court erred in denying defendant's motion to strike out all testimony having reference to a "partnership" between Donaldson and Ford. The testimony to which appellant refers is that given by the arresting officer regarding conversations between him and Donaldson before the arrest was made, as well as what took place and what was said by him, Donaldson, and Ford at the time the arrest was made. It appears that during such alleged conversations the arresting officer and Donaldson frequently referred to Donaldson as being Ford's "partner." If the evidence offered by the prosecution was believed by the jury (and the result of the trial would indicate that such was the case), a relationship approximating a partnership (especially in the sense in which such term is used outside of the legal profession) actually existed between Donaldson and Ford; hence no harm resulted. But in any event the evidence was admissible and the motion was properly denied for the reason that the officer was only narrating alleged conversation which had occurred between him and the *defendants or one of them;* the officer did not pretend to

state as a fact that a partnership existed between the two defendants.

[6] Appellant also contends that error was committed by the trial court in that in the course of the trial, over defendant's objection, the several bottles and vials containing the drugs, together with their newspaper covering, which were found by the officers in the rear of the place of business of defendant Ford, were admitted in evidence. The reason suggested by appellant for his objection to such evidence is that the discovery of the said articles was too remote in time and that no connection was ascertainable between such articles and the offense for which defendant was on trial. It should be remembered that defendant was charged with the crime of unlawfully *offering to sell* narcotics. The time elapsing between his alleged offer to sell and the discovery of the drugs at his place of business was about three hours. In such circumstances we see no merit in the suggestion that the time was too remote; and the materiality of the unlawful possession of the narcotics by defendant is apparent in that such possession of the forbidden drugs tended to corroborate the testimony of the police officer as to defendant's offer to sell the same.

[7] Appellant also specifies further alleged error committed by the trial court with reference to the refusal to admit in evidence certain testimony given by defendant Ford at his preliminary examination. Nothing other than the bare specification of error is submitted by appellant which would in any way tend to show the materiality of the proffered evidence, nor why or in what manner defendant suffered any prejudice by reason of its rejection. It must therefore be concluded that the appellant has no confidence in this point and that it has been abandoned by him.

No prejudicial error appearing in the record, it is ordered that the judgment and the order denying the motion for a new trial be and they are affirmed.

Conrey, P. J., and York, J., concurred.