[Crim. No. 3061. In Bank.—April 23, 1928.]

THE PEOPLE, etc., Respondent, v. MARK DOWELL, Appellant.

Nathan C. Coghlan, Austin W. Arnold and Roland C. Becsey for Appellant.

U. S. Webb, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

PRESTON, J.—Defendant and one Eugene Gentile were jointly charged by information with the murder of John J. Driscoll, a police officer of the city and county of San Francisco. A joint trial was had which resulted in a verdict convicting defendant of murder in the first degree without recommendation. A motion for new trial and also in arrest of judgment was made and denied and judgment imposing the extreme penalty was pronounced. This appeal is from the judgment and the orders denying said motions.

But a brief review of the evidence will be made in view of the fact that its sufficiency to support the verdict is unquestioned.

Testimony adduced on behalf of the prosecution tended to establish the following facts: Appellant and Gentile, having planned to rob one Dine Costi and armed, respectively with a .45 Colt automatic revolver and bludgeon or "blackjack," stationed themselves about 1 o'clock A. M., on June 26, 1927, in the doorway of the home of said Costi on Natoma Street in San Francisco, having theretofore observed his habit of returning about that time each evening with the day's earnings from his business. Costi arrived shortly thereafter. Appellant pointed the revolver at him and commanded him to throw up his hands. Instead Costi called for help. Gentile then hit him twice with the blackjack. Appellant grabbed the bag he was carrying and, with Gentile at his side, started to run down Natoma Street to Russ, turning over Russ toward Mission and Howard Streets. At the corner of Russ and Howard Streets Police Officer Driscoll, in uniform and on duty, stood talking to Mrs Doris Thomas, a colored woman. At the curb Officer Manning, with whom he had just been conversing, was endeavoring to start his automobile. As they saw the two parties running down Russ Street toward them, Officer Driscoll commanded them to halt, whereupon the party carrying the revolver fired two shots at the officer, one of which caused his death. They both ran on. Officer Manning gave chase in his machine and overtook and arrested Gentile. Appellant escaped temporarily, but was arrested later in the day.

There is a mass of circumstantial evidence identifying appellant as the party who fired the fatal shot. There is the testimony of Costi, whom they undertook to rob, and the testimony of Officer Manning and of Mrs. Thomas, who witnessed the occurrence, in addition to much corroborating testimony by other persons and police officers, including various statements made by appellant and Gentile, in which each intimates guilt on the part of the other. Both appellant and Gentile testified upon the trial. Appellant, in defense, attempted to establish an alibi through testimony given by his wife, brother-in-law and his sister, who claimed that in men's clothes she accompanied Gentile on the fatal expedition and shortly after the murder met appellant, who

was searching for her in that vicinity. However, so shaken was this testimony by statements of witnesses in rebuttal that apparently little credence was given to it by the jury.

The crime was committed June 26, 1927. On July 20th following the defendants entered their pleas of not guilty and on the same day the case was set for trial on August 22d. Mr. Nathan C. Coghlan appeared as the attorney for appellant and was present when appellant's plea was entered and the cause set for trial. He said that he "feared" he would be engaged in the trial of another case on the day set, whereupon the court said: "The defendant is present, and I notify him to procure other counsel; that the prosecution will be prepared and the defendant must be prepared to go to trial on the 22d of August. That is ample time. This is the 20th day of July, and you have more than thirty days in which to prepare for trial." Mr. Coghlan then made the following statement: "I make no complaint as to the shortness of time. I think, so far as the procurement of witnesses is concerned and the preparation of the case, that thirty days is ample time in the ordinary case, even in a murder case," whereupon the court replied: "The order of the court is that the cause be set for trial Monday, August 22d, at ten A. M."

Nothing further was done until August 22d when the case was called, whereupon two attorneys appeared and filed affidavit of appellant setting up the fact that Mr. Coghlan was then engaged in the trial of a criminal case in another department of the court and suggesting that the trial court might consume its time in the trial of other criminal cases, mentioning some known to be on the calendar. The affidavit concluded with a prayer for postponement until September 1st. This motion was promptly denied.

We can discover no merit whatsoever in the contention of appellant that the court in this ruling abused its discretion. A little more than thirty days was allowed appellant for the preparation of his defense and he had prompt and specific notice that other counsel should be procured if his first choice could not be realized. It is manifest that the courts cannot in every case await the convenience of some attorney before they can function. Reduced to its lowest terms this would allow a popular attorney to have the courts marking time to serve his convenience. (See *People* v.

*Goldenson,* 76 Cal. 328, 341 [19 Pac. 161], and *People* v. *Fredericks,* 106 Cal. 554, 556 [39 Pac. 944].) The discretion exercised by the court in setting the cause approximately within thirty days after the plea is now made a duty under the statute (sec. 1050, Pen. Code [as added by Stats. 1927, p. 1036]). Trial of the cause was begun on the 22d ,of August; two and one-half days were consumed in the selection of the jury and Mr. Coghlan appeared as one of appellant's attorneys for the afternoon session of August 26th and remained as the attorney for appellant throughout the remainder of the trial. No incident injuriously affecting the substantial rights of appellant is noted as having occurred due to the absence of Mr. Coghlan.

After appellant's motion for postponement had been denied one of the said two counsel arose and asked the court to grant a separate trial to appellant, in which motion the attorney for the other defendant also joined. This oral motion was based upon the ground that he understood that a confession had been made by the co-defendant to the public authorities; that appellant's defense and that of his co-defendant would, therefore, be antagonistic and hence appellant would suffer great injury if a separate trial were not had. No affidavit or other evidence was offered in support of this motion and it was denied. The defendants were thereafter tried together and the written statement or confession made by defendant Gentile was introduced in evidence.

Complaint is also made that by reason of the joint trial appellant was denied his proper quota of peremptory challenges under sections 1070 and 1098 of the Penal Code. It is also urged that his constitutional rights under sections 7 and 13 of article I of the state constitution were violated, as were also the rights guaranteed him under the Fifth and Sixth Amendments to the constitution of the United States.

There is no merit whatsoever in these contentions. Prior to 1921 separate trials were provided for by statute. At said time section 1098 of the Penal Code was amended (Stats. 1921, p. 90), to provide that two or more defendants when jointly charged with any public offense must be tried jointly unless the court ordered separate trials. This amendment, in effect, adopted the common-law rule upon this subject. There is no federal question, constitutional or other-

wise, involved. It has always been the rule in the federal courts that defendants jointly indicted for the same offense must be tried together unless the court for some reason orders a separate trial for one or more of them. All the questions raised by appellant as grounds for a separate trial have been thoroughly considered by this court in the case of *People* v. *Perry,* 195 Cal. 623 [234 Pac. 890]. We have re-examined the question and are satisfied with the ruling made in that case. Several similar rulings have been made (*People* v. *Erno,* 195 Cal. 272 [232 Pac. 710] ; *People* v. *Wilson,* 76 Cal. App. 688, 693 [245 Pac. 781] ; *People* v. *Pilbro,* 85 Cal. App. 789 [260 Pac. 303] ; *People* v. *Anderson,* 59 Cal. App. 408 [211 Pac. 254] ; *People* v. *Ford,* 81 Cal. App. 449 [253 Pac. 966] ).

The attorney for co-defendant Gentile placed upon the witness-stand one Dullea, a police officer, who testified as to certain declarations involving appellant made by Gentile to him. The court in admitting said testimony gave the jury the following admonition : "Members of the jury : You are instructed that any statement made by the defendant Gentile not in the presence and hearing of the defendant Dowell, implicating the defendant Dowell, must not be considered against the defendant Dowell. In other words, certain statements are admissible against the defendant Gentile but must be disregarded as to the defendant Dowell." In asking these questions, counsel for Gentile stated to the court : "The purpose of this evidence is to show that the defendant Gentile had nothing to hide from the very beginning, and he was telling the truth from the very beginning." The answers made by the witness were to the effect that the co-defendant stated to him that he had aided appellant in the commission of the crime ; and that he had had a long acquaintance with appellant. The witness testified that he and other police officers had accompanied the co-defendant to Natoma Street where the crime was committed and there said co-defendant told them how he had carried the gun awhile and then handed it to appellant and made other like statements.

We cannot come to any other conclusion than that the introduction of this testimony was error. It was not testimony offered by the opposing party and introduced as an admission made against interest. The People did not put

this testimony in the record, but the co-defendant himself did it. Under the rule laid down in the following cases we must hold that this evidence was inadmissible: *People* v. *Prather*, 120 Cal. 660 [53 Pac. 259], *People* v. *Chin Hane*, 108 Cal. 597 [41 Pac. 697], and *People* v. *Hill*, 116 Cal. 562 [48 Pac. 711].

Whether or not it was prejudicial error in this case is quite a different question. In the first place the co-defendant Gentile gave a statement, which was written and signed, covering the same subject matter, and this statement was received in evidence without objection by appellant. Later Gentile became a witness in the case, and testified in great detail as to all the occurrences previous to, during, and subsequent to the commission of the crime, and went over all ground covered by all said statements made to the police officers. It was also in evidence that said written statement was in his presence and in the presence of Gentile read to them, and to the many incriminating statements therein appellant made no reply. At another period the two defendants questioned each other at length concerning the written statement by Gentile and covered many incriminating recitals found therein. Certainly then, under such circumstances, no prejudicial error could have resulted to the cause of appellant from the admission of this evidence, especially in view of the repeated careful admonitions given the jury by the court to the effect that the testimony of this witness was not to be held binding upon appellant.

■ It is next contended that the witness Thos. J. Davis was not allowed to testify for the appellant to a statement made to him by the witness Mrs. Francis Edison to the effect that she was present at the time of the shooting of deceased, and that appellant was not present at said time, in order to rebut the inference that her testimony on the trial was a recent fabrication, invoking the rule stated in *People* v. *Billings*, 34 Cal. App. 554 [168 Pac. 396], and other cases. There was no error in this ruling under the facts here shown. This witness had admittedly made declarations inconsistent with her testimony, but the declaration sought to be proved, consistent therewith, was one made on or about July 15, 1927, some twenty days following the crime and at a time when the motive to fabricate might well have existed to the same degree as when the witness gave her testimony on the trial.

The court refused to give the following requested instruction: "The court instructs the jury that the only provisions made by the laws of the state of California for the impeachment of a witness are to be found in the Code of Civil Procedure of this state; and it is there provided that a witness may be impeached either by his confession upon the witness-stand that he has been previously convicted of a felony or by the production of the record thereof. The defendant and witness, Mark Dowell, in this case has put in issue here by his replies the question of whether in the sense contemplated by law he has been convicted previously of felony. If you believe by the testimony herein that he merely served a sentence in a reform school, then you are instructed that such fact is not sufficient to impeach him."

The question asked appellant was: "Mr. Dowell, have you ever been convicted of a felony?" and he answered, "Yes, sir." An effort was made to have the court strike out the witness' answer on the ground that he had merely been incarcerated in a reformatory in the state of Washington, but not in the penitentiary. Neither the exact nature of the crime committed nor the effect of a conviction in Washington and sentence to the reformatory were in evidence. The court refused to strike out the answer of the witness, whereupon the district attorney asked appellant of what crime he had been convicted, to which he replied: "I was convicted of robbing some Japs." The record of conviction was neither offered by appellant nor by the prosecution. It would seem, in view of the witness' answers, that the duty shifted from the district attorney to the defendant to show the nature of the conviction and the law of Washington with respect thereto. In this state of the record there can be no error predicated upon the failure to give this instruction.

Appellant next complains that the court gave an instruction to the jury that all murder perpetrated in the commission of robbery is murder in the first degree, and further instructed said jury as follows: "Where the killing is done in the perpetration, or attempt to perpetrate, some one of the felonies enumerated in the statute, here the occasion is made conclusive evidence of premeditation. Where the case comes within either of these classes, the test question, 'Is the killing wilful, deliberate and premeditated?'

is answered by the statute itself, and the jury have no option but to find the prisoner guilty in the first degree. Hence, so far as these two cases are concerned, all difficulty as to the question of degree is removed by the statute.'' This is only a part of the instruction. The complete instruction has been approved in *People* v. *Nichol*, 34 Cal. 211, and perhaps in other cases and is legally correct. The objection is that the instruction was inappropriate and prejudicial because, it is said, at the time the police officer was shot and killed the robbery had been fully consummated and for that reason the murder was not committed in an attempt to perpetrate said crime. As above noted, appellant was fleeing from the scene of the robbery, carrying what he thought was the bag and money of the victim when, being pursued by the officer of the law, appellant fired upon him in order to effect his escape while retaining the object of the crime. We are satisfied that the crime of robbery had not been completed in any sense at the time of the unlawful shooting, but on the contrary the murder was committed in the perpetration of such crime.

Fault is also found with the following instruction: ''All the evidence should be carefully considered by you, and if the evidence on this subject (alibi) considered with all the other evidence, is sufficient to raise a reasonable doubt as to the guilt of the defendants, you should acquit them.'' This instruction was approved in *People* v. *Lang,* 142 Cal. 482, 487 [76 Pac. 232, 234], and *People* v. *Winters,* 125 Cal. 325 [57 Pac. 1067].

There is no other assignment of error requiring notice. The jury was properly instructed as to the forms of verdict applicable to the case, and under the verdict rendered the law imposes the death penalty. Appellant was accurately and expeditiously but fairly tried and we can find no instance where his legal rights were seriously or at all invaded.

Judgment affirmed.

Waste, C. J., Seawell, J., Curtis, J., Langdon, J., Shenk, J., and Richards, J., concurred.

Rehearing denied.

All the Justices concurred.