[Crim. No. 2468. Second Appellate District, Division One.—August 4, 1934.]

THE PEOPLE, Respondent, v. GLEN C. ENGLAND et al., Appellants.

Robert C. Hoff, *in pro. per.*, and R. E. Parsons for Appellants.

U. S. Webb, Attorney-General, and Scibert L. Sefton, Deputy Attorney-General, for Respondent.

HOUSER, J.—From a judgment of conviction of the crime of robbery, as well as from an order by which their motion for a new trial was denied, defendants England and Clensay, who are represented by counsel, and defendant Hoff, who appears *in propria persona*, have appealed to this court.

▇ It is urged that because of alleged misconduct of the jury the judgment should be reversed and a new trial ordered. But since none other than inadmissible or hearsay testimony was offered by the defendants to establish any misconduct on the part of any member of the jury, it is clear that the point is without merit.

▇ Appellants also contend that they were prejudicially affected by reason of the refusal of the trial court to grant a postponement of the date of the hearing of their motion for a new trial,—the principal ground of which was "newly discovered evidence" that would tend to impeach certain corrobative testimony that was given by a witness for the prosecution to the effect that one of the defendants had made damaging admissions regarding his participation, and that of his co-defendants, in the commission of the crime of which they were jointly charged. However, in addition to such ground, counsel for defendants represented that they wished to produce substantial and proper evidence that related to the alleged misconduct of the jury. In connection with the suggested postponement of the hearing of the motion, by order of the trial court the hearing was first continued for a period of eight days, at the expiration of which time an additional two-day continuance at 9 o'clock A. M. was ordered, and which latter continuance was followed by a third continuance from 9 o'clock A. M. until 4:30 o'clock P. M. of the same day. At no time was any direct evidence, either of the "newly discovered evidence", or of any "misconduct of the jury", offered by the defendants for the consideration of the trial court. Their efforts in that direction consisted in hearsay statements as to what direct and relevant evidence might be produced, provided that they were given more time within which to locate certain asserted witnesses and to procure from them their re-

spective affidavits. In such circumstances, we are of the opinion that no error properly may be charged to the trial court in denying the request of the defendants for a further continuance of the date for the hearing of their motion for a new trial. Instead of any abuse of discretion in the trial court being shown, it is apparent that the defendants were extended more than a fair opportunity to present their evidence, but that they wholly failed in that regard. Consequently they have no substantial ground for complaint.

■ Appellants also predicate error on certain remarks which were made by the deputy district attorney in the course of the trial of the action. The language used by the deputy district attorney in that connection, together with the circumstances connected therewith, have been given careful consideration by this court. Some of such remarks were made in reply, or were responsive, to remarks of a similar nature that were made by counsel who represented the defendants. Nor was any assignment of error made by either of the defendants to any of the so-called improper remarks made by the deputy district attorney. It is more than doubtful that anything to which attention has been directed really constituted legal misconduct; but assuming that the contention of appellants in that regard is correct, at most the effect of any remark or remarks or conduct of which complaint has been made was of no great consequence as far as any influence which it or they could have exerted upon the verdict of the jury was concerned. If error was committed in that regard, it was harmless. In other words, it is altogether unlikely that without the so-called objectionable remarks having been made, the verdict of the jury would have been more favorable to the defendants than was the verdict returned by it. It follows that the point is unavailing to the appellants herein.

■ Further complaint is made by appellant Hoff regarding the refusal of the trial court to grant his motion for a trial separate from that of his co-defendants.

By the terms of section 1098 of the Penal Code it is provided that when two or more defendants are jointly charged with the commission of a crime, ''they must be tried jointly, unless the court order separate trials''. And not only by express provision of the same statute is the order in that

regard made discretionary in the court, but by each of many adjudications by the appellate tribunals of this state is the same doctrine announced. (*People* v. *Erno,* 195 Cal. 272, 277 [232 Pac. 710]; *People* v. *Nelson,* 90 Cal. App. 27, 30 [265 Pac. 366]; *People* v. *Swoape,* 75 Cal. App. 404, 408 [242 Pac. 1067]; *People* v. *Anderson,* 75 Cal. App. 365, 379 [242 Pac. 906].)

The contention on the part of appellant Hoff that because of the fact that was made known to the trial court at or preceding the time when a severance of trials for the defendants was denied, that theretofore defendant Clensay had been convicted of a felony,—the trial court abused its discretion in making the order in question, is refuted by the several rulings made in like circumstances in each of the following cases, to wit: *State* v. *Hurlbert,* 153 Wash. 60 [279 Pac. 123]; *State* v. *Remick,* 156 Wash. 19 [286 Pac. 67]; *People* v. *Sobzcak,* 286 Ill. 157 [121 N. E. 592]; *People* v. *Hotchkiss,* 347 Ill. 217 [179 N. E. 524].

In addition to such authorities, in many cases it has been held that the discretion of the trial court was not abused in making an order by which a motion for a separate trial of a defendant was denied, even where the stronger reason for granting a separate trial appeared, to wit, that his co-defendant either had made a confession of his guilt or had made admissions from which his guilt necessarily would be inferred. (*People* v. *Remington,* 74 Cal. App. 371, 376 [240 Pac. 526]; *People* v. *Burdg,* 95 Cal. App. 259, 268 [272 Pac. 816]; *People* v. *Perry,* 195 Cal. 623, 631 [234 Pac. 890]; *People* v. *Dowell,* 204 Cal. 109, 114 [266 Pac. 807]; *People* v. *Swoape,* 75 Cal. App. 404, 408, 409 [242 Pac. 1067]; *People* v. *Booth,* 72 Cal. App. 160, 165 [236 Pac. 987].)

But appellant Hoff suggests that the statutory provision contained in section 1098 of the Penal Code by which an order of the kind in question is made discretionary with the trial court is "violative of the 'due-process' and 'equal-protection-of-the-laws' clause of the fourteenth amendment of the Constitution of the United States; in that said part of section 1098 of the Penal Code places the determination of what constitutes the rights of any person who may be charged with a public offense, at the mercy of the favor or discretion of a court. Further, that said section 1098 of the

Penal Code is contrary to subdivisions 2 and 33, section 25, article IV, and section 21, article I, of the Constitution of the state of California.''

In substance, as may be gathered from the argument presented by appellant Hoff, it is contended that the law is not uniform in its operation, and that the practical effect of the statute is that by its operation a defendant who is charged ''jointly'' with another or others with the commission of a criminal offense, is, or may be, subjected to an adverse discrimination in that he may be compelled to go to trial with a co-defendant who has confessed his guilt, or one whose criminal record as presented either by his admission, or by indisputable evidence, is such that because thereof, and because of the association between the two defendants, the defense of the one defendant is seriously, if not irreparably, prejudiced. But by so many adjudications on the principle of law thus suggested that to cite them would amount to a great superfluity, it has been decided, in substance, that by ''uniformity of operation'', or by ''equal protection of the law'' guaranteed by constitutional provision, is meant that equal protection of one's civil rights shall be secured to him in the same manner and to the same extent as under similar circumstances the same or similar rights are accorded to all other persons. (See authorities cited in Words and Phrases, in its several editions, under the title ''Equal Protection of the Law''.) Moreover, in the case of *People* v. *Rogers,* 60 Cal. App. 177 [212 Pac. 412], the constitutionality of the statute, or of similar statutes, has been directly passed upon contrary to appellant's contention.

In *People* v. *Yeager,* 194 Cal. 452, 488 [229 Pac. 40], it was said:

''It is within the province of the legislature to vest the trial court with authority to decide whether there shall be a separate or a joint trial of defendants jointly charged. . . .''

In *People* v. *Dowell, supra,* where on various grounds, the constitutionality of the statute was in issue, in part the court said:

''There is no merit whatsoever in these contentions. Prior to 1921 separate trials were provided for by statute. At said time section 1098 of the Penal Code was amended (Stats. 1921, p. 90), to provide that two or more defendants

when jointly charged with any public offense must be tried jointly unless the court order separate trials. This amendment, in effect, adopted the common-law rule upon this subject. *There is no federal question, constitutional or otherwise, involved.* It has always been the rule in the federal courts that defendants jointly indicted for the same offense must be tried together unless the court for some reason orders a separate trial for one or more of them. All the questions raised by appellant as grounds for a separate trial have been thoroughly considered by this court in the case of *People* v. *Perry,* 195 Cal. 623 [234 Pac. 890]. We have re-examined the question and are satisfied with the ruling made in that case. Several similar rulings have been made (*People* v. *Erno,* 195 Cal. 272 [232 Pac. 710]; *People* v. *Wilson,* 76 Cal. App. 688, 693 [245 Pac. 781]; *People* v. *Pilbro,* 85 Cal. App. 789 [260 Pac. 303]; *People* v. *Anderson,* 59 Cal. App. 408 [211 Pac. 254]; *People* v. *Ford,* 81 Cal. App. 449 [253 Pac. 966])."

Likewise in *Anderson* v. *State,* 56 Tex. Cr. 360 [120 S. W. 462], it was held (syllabus) that "the right of accused to a severance is a statutory but not a constitutional right".

And in *People* v. *Foster,* 261 Mich. 247 [246 N. W. 60], it was declared that the right to a separate trial was "a statutory procedural right which the legislature could abrogate".

In accord with the foregoing authorities, it follows that the point suggested by appellant Hoff cannot be sustained.

As to each defendant, the judgment and the order by which the motion for a new trial was denied, are, and each of them is, affirmed.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 17, 1934.